Wash, J.,
delivered the opinion of the Court.
At the June term of the Cooper Circuit Court, 1831, the defendant in error and one Davis were indicted, together with divers other evil disposed persons, to the number of two or more, to the jurors unknown. The indictment charges, that the defendants, on the tenth day of February, in the year one thousand eight hundred and thirty-one, in the night season, with force and violence, and with clubs, .at the county of Cooper aforesaid, unlawfully, violently, forcibly, and infuriously did throw down, and did pull down, the roof and chimney of a dwelling house, the property of the United States of America, and then and there being in the peaceable possession of *92 one Clarissa Hosty, and situated in the township of Booneville, in the county, oi Cooper aforesaid, the said Clarissa being then and, there, and whilst the said Davis and Wilson and the others whose names are unknown as aforesaid, were pulling down and throwing down the said chimney and roof as aforesaid, in the said house, and put in great fear thereby, to the e.vil example of other’s, to the great disturbance of the peace, against the form of the statute in that case made and provided, and against the peace, &c. In the Circuit Court the defendant moved, first, to quash the indictment because no prosecutor was endorsed, which motion was overruled. He then moved to dismiss the cause, for the want of jurisdiction in the Circuit Court, the same being cognizable before a Justice of the Peace, &c., which motion w'as also overruled. The defendant then demurred and had judgment, to reverse which the State now pr osecutes .her writ of error in .this Court..
It is insisted by the Attorney General, that the Court erred in sustaining the demurrer; and by Mr.. Haden for the defendant in error, first, that the Court erred in overruling the motion to-quash and to dismiss, and that the judgment being for the right party must stand: and secondly, that no indictable offence was charged ; that the offence was either a riot, “malicious-mischief,” or a private trespass. If a ript,. then the indictment was defective,.if a.maUcious mischief, it was not provided for in the statute on that subject, and if a private trespass, then not indictable at all.
From our inspection of the record, it does not appear whether the indictment was or was not properly endorsed, and the- Circuit Court will be held to have decided eoireclly until the contrary is shown..
The offence as sal out in. the indictment,.is not one made cognizable by statute before Justices of Iho-Pésce,. The motion to dismiss was, therefore, rightly; overruled. The indictment charges a most flagrant breach of the public peace "by the defendant in error, in the commission of a forcible and outrageous trespass on property, in the peaceable possession of another. Miserable indeed would be the condition of so-, ciety, if such fearful outrages were-to-bs-suffsred to go unpunished, or left to be re•hessed only in civil actions for the private and individual wrong. The act of Assembly approved Jan. 18th, 1831, entitled “An Act declaring assaults, batteries, riots, routs, and unlawful assemblies, not indictable offences,” does not reach the case, 'f.iic offence is left as at common law, and the indictment sufficiently describes and charges it as such. No precise form or technical words are necessary. The Circuit Court erred, therefore, in sustaining the demurrer, and the judgment is reversed and., Urn cause reminded.