NEW-YORK
May, 1838.

Loomis
v.
Edgerton

## LOOMIS *vs.* EDGERTON & SYKES

Malicious mischief done to any kind of property is a misdemeanor, and the party doing the injury may be prosecuted criminally.

American cases on the subject referred to, and the absence of English cases accounted for.

DEMURRER to plea. The plaintiff declared for an assault, battery and *false imprisonment.* The defendants pleaded separately, after denying the force, &c., and whatever was against the peace, &c., that Edgerton made a complaint upon oath before a justice of the peace, that the plaintiff had with force and arms, &c., wilfully, wickedly, maliciously, and in a secret manner seized and broken in pieces a cutter, the property of Edgerton; that the justice thereupon issued a *warrant,* setting forth the complaint and commanding any constable of the county to apprehend and bring the plaintiff before him, to answer to such complaint; which warrant, Edgerton caused to be delivered to Sykes; who was a constable of the county, and who by virtue thereof arrested the plaintiff, &c. which is the same imprisonment, &c. To these pleas, the plaintiff demurred. On the argument it was insisted, 1. that the act charged against the plaintiff was not a criminal offence, and 2. that the justice consequently having no jurisdiction in the matter, the warrant was void and no protection to either the constable or the complainant.

*J. A. Spencer,* for the plaintiff.

*W. C. Noyes & C. P. Kirkland,* for the defendants.

*By the Court,* COWEN, J. The principle of the case of *The People* v. *Smith,* 5 Cowen, 258, and of the cases there cited, is in point, that *malicious mischief* done to any kind of property is a *misdemeanor.* The general principle is there laid down, and exemplified by various cases; and must be maintained. In addition to the cases there noticed, par-

ticularly, by Mr. Justice Woodworth, is one cited by Mr. Dollier, the counsel for the prosecution of *State* v. *Council*, 1 Overton's R. 305, which was an indictment under a statute of Tennessee for wilfully and maliciously killing a horse. Kennedy and Powell Js., agreed that the offence was indictable at common law, though the point does not seem to have been necessarily involved. This point was also much and very ably considered in *State* v. *Briggs*, 1 Aik. 226, by the supreme court of Vermont, who show very satisfactorily that nothing is to be inferred against the offence being one at common law, from the circumstance that malicious mischief is punishable in England by statutes, which are so universally relied on by the cases. Hutchinson, J. said the statutes were so ancient and the punishments so severe, that they were of course resorted to, and the common law thus lost sight of, though the statutes were intended as a mere increase of its penalties. Id. 229. The *Commonwealth* v. *Eckert*, 2 Brown, 248, 251, Penn. R., is also in point. The cases, I admit, are not entirely uniform, for in *Brown's case*, 3 Greenl. 177, the malicious girdling of fruit trees was held not indictable except by statute. This would be a sad exception to the general wisdom of the common law. I am happy to find the balance of authority decidedly the other way. *Brown's case* seems to have passed without adverting to the American cases, though several of them had already held a different doctrine.

We are clear that the warrant in the case at bar recited a criminal offence. We need not, therefore, examine the second point.

Judgment for the defendants.