The State of Iowa v. Barrett.

The State of Iowa v. Barrett.

An indictment for uttering, as true, a counterfeit bank bill, under section 2627 of the Code, need not allege an intention to defraud any particular person.

An indictment which charges the defendant with uttering, passing, and tendering in payment, a counterfeit bank bill, with intent to defraud, &c., does not charge more than one public offense, and is not in violation of section 2917 of the Code.

Where there is nothing to show that the district court has not abused the

discretion conferred upon that court, by section 3272 of the Code, in refusing to grant a change of venue, the appellate court cannot interfere.

Where an affidavit for a continuance in a criminal case, on the ground of the absence of witnesses, fully complies with the requirements of section 1766 of the Code, the continuance should be granted; and the fact that the absent witnesses reside out of the state, furnishes no reason for refusing the continuance.

Where on the trial of an indictment for uttering a counterfeit bank bill, &c., the defendant objected to the bill offered in evidence, on the ground of variance in the name of the president; and the court, upon inspection, decided that it could not determine that there was a variance, and permitted the bill to be read to the jury; *Held*, That there was nothing to show that a variance existed of such a character as to exclude the bill from the jury.

### *Appeal from the Johnson District Court.*

### SATURDAY, JUNE 11.

INDICTMENT for passing a counterfeit bank bill. The indictment charged that the defendant, on the 23d day of November, 1857, at, &c., to one Arthur W. Briggs, feloniously, willfully and unlawfully, did utter, pass, and tender in payment as true, a certain false, forged, and counterfeited bank bill, purporting to be a bank bill for the sum of ten dollars, issued by the Bank of Commerce, a corporation duly authorized for that purpose, by the state of Ohio, (setting out a copy of the bill), the said defendant then and there well knowing the said bank bill to be false, forged and counterfeit, with intent to injure and defraud. The defendant demurred to the indictment, assigning as causes thereof, that the indictment charged more than one offense in the same count, and that it was uncertain as to the person intended to be defrauded. The demurrer was overruled, and the defendant filed a plea of not guilty.

The defendant then filed an affidavit for a continuance, on the ground of the absence of witnesses, setting forth the facts he expected to prove by the said witnesses, and that a portion of them resided in Rock Island county, Illinois, which motion was overruled. An affidavit for a change of venue,

on the ground of the prejudice of the judge of the district court, was also filed and overruled.

On the trial, as appears from the bill of exceptions, the state offered in evidence a bank bill, to which the defendant objected, on the ground that there was a variance between the bill offered and that described in the indictment, in the name of the president. After inspecting it, the court was unable to determine the name of the president, written on said bill, but upon comparing the bill with the copy set out in the indictment, said the name of the president written on the bill might be read Parker Handy, the name alleged in the indictment, and could not say there was a variance. The court permitted the bill to be read in evidence to the jury. The jury returned a verdict of guilty—a motion to set aside the verdict, and in arrest of judgment, was overruled—and the defendant sentenced to the penitentiary for three years, from which judgment he appeals.

*Templin & Fairall*, for the appellant.

*S. A. Rice*, (Attorney General), for the state.

WRIGHT, C. J.—It is charged in the indictment, that the defendant did utter, pass, and tender in payment, &c., a certain false, forged, and counterfeit bank bill, &c., with intent to injure and defraud, &c. The defendant, by his demurrer, claims that the indictment is bad, for the reason that it fails to charge an intention to defraud any particular person. In this respect, the indictment is sufficient. Code, sec. 2928; *The State* v. *Pierce*, ante 231; *The State* v. *Callendine*, ante 288.

Nor is the indictment subject to the objection, that it charges more than one public offense, in violation of section 2917 of the Code. We are not aware that under any statute it has ever been held, that to charge a party with uttering, passing, and tendering in payment, counterfeit money,

The State of Iowa v. Barrett.

violated the rule contended for by appellant.   *The State* v. *McPherson*, decided at this term.

We see no reason for interfering with the discretion lodged with the district court, under section 3272 of the Code, in refusing the change of venue asked for by the defendant.   There is nothing to show that the court below exercised any other than a sound discretion under the circumstances.   If the discretion given is not abused, we cannot control it.   *The State* v. *Gordon*, 3 Iowa, 410.

The continuance asked for, should have been granted. The prisoner was indicted on the 6th, and on the 10th of the same month, made his affidavit, fully complying in every particular, with the requirements of section 1766 of the Code.   Under such circumstances, it was error to refuse the continuance.   *Welsh* v. *Savery*, 4 Iowa, 241; *The State* v. *Nash & Redout*, 7 Iowa, 347.   That the witnesses resided out of the state, could make no difference, as by chapter 191, the defendant had the right to procure their testimony, on a commission to be issued as therein directed.

As to the charge of the court upon the subject of proving the existence of the bank, or corporation, by which the bill purported to be issued, we refer to the case of *The State* v. *Newland*, 7 Iowa, 242.   In that case, there was no evidence of the existence of the bank, by the charter, reputation, or otherwise.   In this, we infer from the instructions, that there was proof of some kind—its sufficiency being denied.   The cases in this respect, therefore, are materially different.

We understand that the court determined, that there was no variance between the bill offered in evidence, and the one described in the indictment.   It is true, that the bill of exceptions recites, that there was difficulty in determining the question, but finally it is said, "that the court could not say there was a variance, and permitted the bill to be read." There is nothing to show that a variance existed, of such a character as to exclude the bill when offered in testimony.

As the case must be remanded, for the error in refusing

the continuance, and as the other questions made are not of general importance, and may not arise upon the second trial, we deem it unnecessary to dispose of them.

Judgment reversed.