## THE STATE OF IOWA v. ENSLOW.

1. INDICTMENT: DOMESTIC BEAST. In an indictment for maliciously killing a hog, it is not necessary to allege that the animal killed was a "domestic beast." Code of 1851, section 2678.

*Appeal from Lee District Court.*

TUESDAY, DECEMBER 6.

INDICTMENT for malicious mischief. Demurrer to same overruled, trial and verdict of guilty, judgment thereon and defendant appeals.

*J. M. Beck* for the appellant, in support of the proposition that the indictment was insufficient, cited Whart. Am. Crim. L., sections 285, 236; 1 Arch. Cr. Pr. (Wat. notes) 85 *el seq.*

*S. A. Rice,* Attorney General, for the State, contended that the indictment was sufficient, relying upon statute 9 Geo. 1, section 1022; 3 Arch. Cr. Pr. 523; 2 Bla. R. 721; 2 East. P. C. 1076; 3 Chit. Cr. Law. 1086, note *x*.

WRIGHT, C. J.—The language of the indictment is, that the said defendant did, on &c., at &c., one sow of the value of ten dollars, of the goods, chattels and property of &c., then and there &c., unlawfully, wantonly, maliciously and mischievously kill, &c. It is objected that the pleader should have averred that the sow was a *domestic beast.* The section of the Code under which the indictment was found (2678) provides that "if any person maliciously kill, maim, or disfigure any horse, cattle or other *domestic beast* of another; or maliciously administer poison to any such animal, &c."

We think the demurrer was correctly overruled. This manner of pleading is sustained by the following authorities: 3 Chit. Cr. L. 1087, 2 Russell on Cr. 489, and notes. The act of 9 Geo. 1 (Black Act) punished the malicious killing, &c., of any *cattle.* Under this language it was held unnecessary to aver that the animals killed or wounded were *cattle,* in order to bring them within the statute; 2 Bla. Rep. 721, 733. And pigs were held to be cattle within the act. *Rex.* v. *Chapple,* Mich. T. 1804, and Russ. and Ry. 47, and see Wharton Cr. L. 377, notes C, D, E and F, 2 East. P. C. 1076.

The court instructed the jury, that to convict they must find that the defendant had malice express or implied against the

owner of the property; that the mere destruction of property without proof of malice toward the owner, will not sustain the charge; that malice might be inferred or implied from the act and manner of killing, and other circumstances connected with the offense, such as the relation existing between the defendant and the owner, the killing without good or probable cause and the like. It is objected that the language of this instruction, *"that malice might be inferred or implied from the act or manner of killing,"* leaves out of view the essential of malice toward the owner. If it be granted that malice against the owner must be shown, we do not understand these instructions to assert any contrary doctrine. Indeed we think it quite manifest that the jury must have clearly understood that malice toward the owner was necessary in order to constitute the offense. And the language complained of, however objectionable it might be if standing by itself, is relieved of all possible objection, even according to this claim of defendant, when taken in connection with the qualifying and explanatory words following. These clearly keep up the idea that malice towards the owner and not mere wantonness in the destruction of the animal, was essential to justify a conviction.

Judgment affirmed.