THE STATE OF IOWA V. HARRIS.

1. INDICTMENT: DUPLICITY. When a statute sets out different grades or degrees of the same offense, an indictment under it may charge a violation of all or any of them, at the election of the pleader; and the proof need cover only so much of the allegations of the indictment as constitute a complete offense.

2. MAIMING: DISFIGURING. The maiming of a domestic animal implies some permanent injury; the disfiguring of such an animal implies a lower grade of offense, and embraces any injury however slight which is made with malice toward the owner, and which is of a character to lessen the value of the animal.

*Appeal from Benton District Court.*

THURSDAY, APRIL 11.

THE defendant was indicted for maliciously maiming and disfiguring an ox, the property of one Dolph. A new trial having been refused the defendant appeals.

*I. M. Preston* for the appellant.

*C. C. Nourse,* Attorney General, for the State.

BALDWIN, J.—The court did not err in overruling the defendant's motion to set aside the indictment. It does not charge therein two separate and distinct public offenses, one of maiming and the other of disfiguring, as is claimed by the counsel of defendant.

The statute under which the defendant was indicted (section 2678 of the Code,) provides that if any person maliciously kill, maim or disfigure any horse, cattle, &c. The count in the indictment charges that defendant did maliciously "maim and disfigure," &c. Where in a statute there are different grades of the same offense set forth, or degrees of the injuries stated, the indictment may charge all or either, at the election of the pleader; and the proof need only cover so much of the allegation as constitutes a complete offense. Bish. Cr. L. section 48; *State of Iowa* v. *Cooster,* 10 Iowa, 453.

The State of Iowa v. Harris.

The District Court refused to instruct the jury, "that in order to constitute a disfiguring of the ox the jury must be satisfied from the evidence that some permanent disfiguring of had been done by the defendant." The court upon the contrary directed the jury "that any disfiguring was sufficient to support the indictment if done by the defendant as therein charged." This ruling was also excepted to and is now assigned as erroneous. Had the indictment charged the the defendant with maiming alone, the position assumed by the appellant might have been correct. To maim as applied to domestic animals, implies some permanent injury; but to disfigure is a lower grade of the same offense, and the disfiguring need not be of a permanent character to make the offense complete. Thus to shave a horse's mane or tail is a disfiguring of the horse, but the injury is not of a permanent character. So the cutting off the hair, or cutting the skin of a cow or an ox, would tend to destroy the beauty or symmetry of the animal and would, although not of a permanent character, be an indictable offense. Malice toward the owner of the animal is the ingredient of this offense; and although the injury may be but very slight, yet it is of such a character as to lessen the value of the animal to the owner, and shows the malicious intention of the person committing the act, we think, under the statute the offense is complete.

The defendant is charged with having disfigured an ox by shooting it. The disfiguring may have been very slight indeed, yet the injury great; and to hold that because the injury to the appearance of the animal was not permanent, the offense is not indictable under the statute, would give more latitude in the construction of this statute than the courts would be authorized in doing.

Whether the injury was so great as to disfigure the animal, was a question for the jury, from the evidence, to determine.

Judgment affirmed.