## STATE v. SHADRACH MANUEL.

Wounding of cattle maliciously, is not an indictable offence at common law.

INDICTMENT, for malicious mischief, tried before *Buxton, J.*, at Spring Term, 1874, of CUMBERLAND Superior Court.

On the trial below, the State introduced evidence, tending to show a condition of ill-feeling between the defendant and the prosecutrix, Sylvia Jenkins; that he had made threats of injury to her person and property; that in August, 1873, he had killed a couple of her hogs and had chopped her ox on the hip with an axe, giving the animal a serious wound, which had to be sewed up, and which disabled the ox from work until it recovered, which it eventually did.

There was also evidence tending to show, that the prosecutrix's stock, (hogs and ox,) were in the habit of breaking into the field of the defendant and injuring his crop, and that he had complained to her about it, threatening to kill them if they did not quit it.

The defendant attacked the credibility of the State's witnesses; and denied that he did the acts for which he was indicted; and insisted that the motive attributed to him was not established by the proof, viz : malice towards the owner. So far as the ox was concerned, defendant insisted and asked his Honor so to charge, that the offense known as "malicious mischief," had not been committed, under any aspect of the case, inasmuch as the ox was not *killed* but was *wounded*, and had recovered from its injuries, and so was not *destroyed*.

His Honor charged that the State must prove, that the defendant did the acts with the motive charged. If they were satisfied that the defendants did the acts, not through malice to the owner, but in a moment of passion, provoked by the stock breaking into his crop, he could not be convicted under this indictment. But if they were satisfied that the defendant killed the hogs of the prosecutrix, or seriously injured her ox by wantonly chopping it with an axe, through ill will and malice to the owner, they should find him guilty. To this charge the defendant excepted.

There was a verdict of " guilty." Defendant moved for a new trial, on the ground of misdirection of the jury. Motion overruled. Judgment and appeal by the defendant.

*J. W. Hinsdale,* for defendant.
*Attorney General Hargrove,* for the State.

BYNUM, J. This indictment is not founded on the statute, Bat. Rev. chap. 32, secs. 94, 95, but is at common law ; and the question is, is it an indictable offence at common law, to wound cattle maliciously.

It has been held in this State, indictable to set fire to and burn tar in barrels, to kill a steer, and to kill a dog with malice towards the owner, *State* v. *Simpson*, 2 Hawks, 460 ; *State* v. *Scott*, 2 Dev. and Bat. 35 ; *State* v. *Latham*, 13 Ired. 33 ; and to burn plows and harness, *State* v. *Jackson*, 12 Ired. 329. But in all these cases the property was killed or destroyed; and no case is to be found in our reports, of an indictment at common law, when the offense was the wounding of cattle, or the mere injury to the property, short of its destruction.

If we look to England, the source of the common law, we are unable to find a case where, independent of statute, it has been held to be a public offence, to maim cattle, whether with or without malice towards the owner. Both the elementary writers and the decisions hold that such offense is not indictable, but is a civil trespass only. 4 Bl. Com. 244 ; 2 East Pl.

Cr. chap. 2⅓, sec. 16; 2 Russ. on Cr. 497; *Regina* v. *Wallace*, Cr. and D. Cr. Cases, 403; and no precedent of such a form of indictment, at common law, or independent of statute, is to be found. Arch. Cr. Pl. 182; 3 Chilt, Cr. L. 1087.

In the American Courts, the decision upon this subject, have not been uniform; and in several of the States malicious mischief, as a common law offense, has received a much more extended interpretation than has been attached to it in England. *People* v. *Smith*, Cowen, 258; *State* v. *Teischer*, 1 Dall. 335; *Dallas,* 19 Wend. 419. But even in this these cases, the *corpus* of the property was destroyed; and it will be difficult to find a case where injuries short of destruction, have been held to be indictable at common law, and certainly the weight of authority in both countries, is decidedly the other way. *State* v. *Bukman*, 3 Dutcher, 124, and authorities therein cited.

This Court will not be warranted in expounding the common law so as to make offenses indictable, which were not clearly indictable before. That is a matter for the consideration of another department of the Government. We have, by statute, made it an indictable offense, unlawfully and on purpose, to kill or maim live stock, under the circumstances described in the statute before cited, but not under all circumstances. Whether the interests of justice and sound morality, do not require the punishment, as a public offense, of all wanton cruelty to live stock, is a question which is attracting much public attention and discussion both at home and abroad, and deservedly so. The remedy for the evil is with the Legislature. It is our province to declare the law to be that this indictment will not lie at common law, and that therefore judgment must be arrested.

There is error.

PER CURIAM.                                    Judgment reversed.