The State v. Linde.

THE STATE v. LINDE ET AL.

1. **Practice**: EVIDENCE: DISCRETION OF COURT. It is competent for the court to direct in what form evidence shall be presented upon the trial of a challenge to a panel of jurors.

2. **Criminal Law**: INTENT: MALICE. To sustain an indictment under section 3977 of the Code, for maliciously killing a domestic animal, it is not necessary that the jury should find the existence of malice against the owner of the animal personally, but it is sufficient if the act is done maliciously and with intent to injure the owner, though he may be unknown to the defendant, and malice may be inferred from the acts of the defendant.

3. ———: INSTRUCTION: GOOD CHARACTER. Evidence considered under which an instruction as to the weight to be given to evidence of the good character of the defendant, while erroneous, was held not prejudicial.

*Appeal from Franklin District Court.*

FRIDAY, JUNE 18.

INDICTMENT for maliciously killing a horse, the property of W. H. Hoxie. From the judgment the defendants appeal.

*Fred Gilman*, for appellants.

*J. F. McJunkin*, Attorney General, for the State.

SEEVERS, J.—I.  The defendants filed a motion for a change of venue on the ground that there was such excitement and prejudice against them that they could not receive a fair and impartial trial in the county.   The motion and affidavit of the defendants was supported by the affidavits of eighteen persons, who state, in terms, that such prejudice did exist, but no facts were stated in any of the foregoing affidavits showing grounds for the existence of the belief expressed by the affiants, one of whom was a witness for the State.   Mr. Dow, an attorney for the defendants in the court below, also filed an affidavit, in which he stated that such prejudice did exist, and that defendants could not receive a fair trial in the county.   He further stated that the prosecuting witness had been a resident of the county for fifteen years, had held important offices in the county, and was a person of great influence; that a large number of persons attended the preliminary examination and heard the evidence, which was largely discussed by the citizens of the county; that a newspaper published and largely circulated therein " took sides," and it was stated in said paper defendants were probably guilty, and it censured the justice for discharging them; that the existing prejudice was caused by the prosecuting witness and his friends.   The State filed the counter-affidavits of nineteen persons, who stated, in general terms, that such prejudice did not exist, and that defendants could receive a fair and impartial trial in the county, but no facts were stated showing grounds for the opinion expressed by affiants.   It is said the affidavits filed by the State were not sworn to before any person authorized to administer oaths.   The verification was by a notary public, and all notaries have power to administer oaths.   Code, § 277.   We, however, suppose the real point relied on is that it does not appear from the verification, or

otherwise, that the notary was such in the county where the affidavits were made.    It may be that this is essential.    *Willard v. Cramer*, 36 Iowa, 22.    Conceding it to be so, the affidavit of the defendants was sworn to before a notary public, and the verification is the same as that to the affidavits for the State.    If one was not sworn to the other was not, and, therefore, the court did not err in overruling the motion for the reason stated.    The defendants were not entitled to a change of venue as a matter of right, but the court was bound to determine the question presented "according to the very right of it."    Code, § 4374.    We cannot say the discretion reposed in the District Court by the statute has been abused.  *The State v. Spurbeck*, 44 Iowa, 667; *Same v. Mewherter*, 46 Id., 88.

II.    The defendants challenged the panel of trial jurors, which was sustained, and thereupon the court directed a precept to issue directing the sheriff to summon the requisite number of jurors.    This action is in accord with Code, § 244.    The panel thus summoned was also challenged, on several grounds, and the defendants, in the motion, asked leave to introduce oral evidence to prove the grounds stated.  This was refused, but the court informed counsel they could introduce affidavits showing the facts.    This was declined.    The action of the court is said to be erroneous because section 4402 of the Code provides that upon the trial of a challenge to the panel the officers whose irregularity is complained of may be examined, as well as other persons, to prove or disprove the facts alleged as the ground of challenge.    It will be observed the section of the Code just referred to does not define the manner of the examination, or in what form the evidence shall be introduced. Section 2913 of the Code provides that evidence to sustain or resist a motion " may be in the form of affidavits, or in such other form as the parties may agree on, or the court or judge direct, and provision has been made for obtaining the same from persons who may be unwilling to voluntarily make

1. PRACTICE: evidence: discretion of court.

the required affidavits. Code, § § 3692, 3693. As no evidence was introduced in support of the motion to quash the panel the court did not err in overruling it, and the requirement as to the form in which the evidence should be presented was at least within the discretion of the court.

III. The indictment was found under section 3977 of the Code, which provides that if any person maliciously kills the 2. CRIMINAL domestic beast of another, he shall be punished law: intent: malice. as therein stated. The court instructed the jury that: " In order to find the defendants guilty they must find from the evidence not only that they shot the horse, but must also find the further fact that the shooting was done maliciously; that it was done with the intent and for the purpose of injuring some person." It is urged this instruction is erroneous because the jury were not directed that malice against the owner was an essential ingredient of the offense. Such language, in substance, was used by BALDWIN, Justice, in *State v. Harris*, 11 Iowa, 415. But no such point was before the court in that case; we, therefore, are not bound thereby.

The statute in terms does not require that the perpetrator should be actuated because of malice to the owner. Mere wantonness, or an intent simply to injure the animal without malice against any person, it may be conceded, is not sufficient. But although the owner may be unknown, if the act is done maliciously, for the purpose and with the intent of injuring such person, it is sufficient. Such, we think, is the meaning and intent of the statute, and we are not disposed to draw nice distinctions, the effect of which would be to screen offenders from deserved punishment.

The court further instructed the jury that they might " infer malice from the acts of the defendants." This instruction is also correct. In *McCord v. High*, 24 Iowa, 336, it is said, " there is no clearer rule of evidence than that malice may be inferred from the acts of a party."

IV. The court also instructed the jury that " evidence of

good moral character of the defendants will not overcome pos-
itive and direct evidence of guilt, but in the ab-
sence of positive or direct evidence of guilt it
may be considered by the jury as tending to show less prob-
ability of the defendants having committed the crime with
which they are charged."

3. INSTRUC-
TION : good
character.

That the horse was shot, and died from the effects of the
wound, was not disputed. The only controverted question
was whether the defendants did the shooting. As to this
there was no positive or direct evidence. The State relied
wholly on circumstantial evidence to convict.

The first portion of the instruction is erroneous. *State v.
Northrup,* 48 Iowa, 583; *State v. Jones,* 52 Iowa, 150.
The latter part of the instruction is correct, and, taken as a
whole, when applied to the evidence, as it was the duty of the
jury to do, and which it must be presumed they did, we
do not think it was prejudicial. As the evidence was cir-
cumstantial only, the jury were in substance told that the evi-
dence of the good character of the defendants should in such
case be considered as tending to show the defendants were not
guilty.

It is urged the ninth instruction is erroneous because the
court did not call attention to all the evidence. The court,
among other things, said: " In this case you will carefully
consider all the circumstances as disclosed by the evidence."
The objection taken is not well founded.

AFFIRMED.