THE PEOPLE v. JOHN GIRDLER AND CARRIE GILL.

*Criminal law—Province of jury—Failure to object to testimony— Adultery—Proof of marriage—Evidence.*

1. It is the province of the jury to weigh and pass upon the truth or falsity of evidence, and neither the trial nor appellate court can interfere with their exercise of this right.

2. In a criminal prosecution for adultery, the evidence showed that the parties were married by a justice of the peace *outside* of his own county, and that they afterwards lived and cohabited together as man and wife for fourteen years, and that two children were living as the fruit of such marriage.

    *Held*, sufficient to constitute the parties husband and wife as completely as if the ceremony had been performed by a justice of the peace of the proper county. *Hutchins v. Kimmell*, 31 Mich. 130.

3. Where, on the trial of a respondent for adultery, testimony was given showing alleged undue familiarities between the parties, to the admission of which testimony no objection was made, nor motion to strike out, and the court was not requested to instruct the jury regarding such evidence, and no exception was taken to the charge as given,—

    *Held*, that the respondent cannot raise such objections for the first time in the appellate court.

4. When adultery is charged, the previous conduct and familiarity of the parties is a material subject of inquiry, and pertinent to the issue, if not too remote.

Exceptions before judgment from Kent. (Montgomery, J.) Argued January 27, 1887. Decided February 10, 1887.

Respondents were convicted of adultery. Conviction affirmed and judgment ordered. The facts are stated in the opinion.

*E. S. Eggleston* and *O. C. Ransom*, for respondents.

*Moses Taggart*, Attorney General, for the People. ·

MORSE, J. The respondents were found guilty, upon trial in the Kent circuit court, of adultery, the said Girdler being a single man, and the said Carrie Gill a married woman.

The only evidence directly tending to establish the guilt of the parties was that of one John C. Campbell, who testified that he was an eye-witness of the criminal act, committed in Zinzer woods, near the residence of the parties, in the latter part of August, 1885. It is claimed that the evidence of said Campbell, by reason of its contradictions and variances and its improbability, is insufficient to convict; and inasmuch as the corroborating testimony, if it can be called such, had nothing to do with this alleged act in the Zinzer woods, or the presence of Girdler and Mrs. Gill at or near said woods on the evening claimed, and consisted mostly of what would ordinarily be considered only as innocent and not uncommon familiarities, the court should have instructed the jury that there was not evidence enough to convict respondents of adultery.

Whatever may be our opinion of the truth or probability of Campbell's testimony, we cannot interfere, nor could the court below, with the province of the jury. It is for them to weigh and pass upon the truth or falsity of Campbell's story. If they found it true, they were warranted in finding the respondents guilty, whether there was any other evidence in the case or not. The court instructed the jury, in effect, and clearly enough, that they must acquit the respondents unless they believed the criminal act was committed as testified to by Campbell. The jury must therefore have believed him,

and their judgment.in that respect cannot be disturbed by us, and could not be controlled.by the trial court.

It also urged that there was no valid marriage proven between the respondent Carrie Gill and her husband, because the ceremony was performed in Kent county by a justice of the peace of a township in Ottawa county.

John J. Gill and the respondent Carrie Gill were married in the township of Walker, Kent county, about November 1, 1871, by Peter Chappell, who was at the time of such marriage a justice of the peace of Ottawa county. The parties, immediately after such marriage,lived and cohabited together as husband and wife, and continued to so live and cohabit until about October 1, 1885,—a period of nearly 14 years. There are two children of the marriage now living. The marriage and cohabitation thereafter is sufficient in this State to constitute the parties husband and wife as completely as if the ceremony had been performed by a justice of the peace of Kent county. *Hutchins v. Kimmell,* 31 Mich. 130.

There was testimony given on the trial by several persons to the effect that, during the summer of 1885, they had seen the respondents riding together several times in an open buggy,but there was no evidence of any undue familiarity between them on these occasions except in two instances. One lady testified that she saw them coming home on one of these rides, and Mrs. Gill had her head upon Girdler's shoulder, and one foot on the dash-board. Another witness saw her hand nearly over Girdler's lap, and he seemed to be looking at a ring on her finger, and they were sitting pretty close together, leaning towards each other, and talking, and looking very intently at what was in or on Mrs. Gill's hand. Another witness testified to seeing Girdler go to Gill's house very frequently when Gill was away at work.

The counsel for the respondents contend that the court should have instructed the jury that the testimony of these witnesses, who saw them riding together and noticed no acts

of other intimacy, had no tendency to show undue familiarity, or any libidinous or adulterous inclination, and that such testimony should have been stricken from the case. An examination of the record shows no objection to the admission of this testimony, no motion to strike it out, and no request to the court to instruct the jury in regard to the same, or any exception to the charge of the court in relation thereto. It follows, therefore, that the respondents can now make no objection to the reception or retention of this testimony in the case, or to the failure of the court to instruct the jury in any particular not requested by their counsel on the trial.

But we think the court was right in submitting this evidence to the jury, to be considered by them as bearing upon the probabilities of adultery being committed as testified to by Campbell. While the mere fact of their riding together, by itself, would not be evidence tending to show adulterous intercourse between them, yet, when adultery is charged, the acquaintance, conduct, and familiarity of the parties involved in such charge is a material subject of inquiry, and pertinent to the issue, if not too remote. Adultery does not often happen without previous acquaintance, and more or less of friendly intimacy between the parties, unless the woman is a wanton and the man without shame; and therefore the fact of Girdler visiting Mrs. Gill when her husband was absent, his riding with her alone, going fishing with her, and any other familiarities, were legitimately introduced in evidence, and considered by the jury, under the charge of the court, for what they were worth, as tending to show an adulterous inclination, though in themselves not sufficient, independently of Campbell's testimony, to show any adulterous intercourse.

The matters herein noticed being the only errors relied upon in the brief or oral argument of respondents' counsel, and no error being found by us in the proceedings of the court below, said court is directed to proceed to judgment upon the verdict of the jury.

The other Justices concurred.