# THE PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, *v.* LORENZO OLSEN, APPELLANT.

·CRIMINAL LAW.—MALICIOUS MISCHIEF.—PROOF OF MALICE.—On a trial for maliciously maiming a pig in violation of Sec. 4708, 2 Comp. Laws Utah, 1888, which makes it a misdemeanor to maliciously maim an animal, the property of another, it is necessary to prove malice against the owner of the animal, but this malice may be inferred from the circumstances under which the act was committed, and an instruction which states that if a man recklessly and wantonly should kill an animal, not caring who the owner is, malice can be inferred, correctly states the law.

ID.—ID.—COOPERATION OF DEFENDANTS.—The rule that where it is certain that one of two persons did the criminal act, but it is uncertain whether the one or the other was the guilty agent, neither of them can be convicted, is the true rule of law where the two persons have no necessary connection with each other in committing the crime, but not where the two persons had a common purpose and the guilt of the one is consistent with the guilt of the other.

ID.—ID.—SUFFICIENCY OF EVIDENCE.—When it appears that two persons were riding together in a wagon, one of them shot a pig, but which one is unknown, whereupon one of them shouted " Skedaddle," and they drove rapidly away, but did not know who the owner of the pig was, and neither·defendant disclaimed any complicity, nor testified on the trial, *held*, that the conviction was proper.

APPEAL from a judgment of conviction in the district court of the first district. One defendant appealed. The ·opinion' states the facts.

*Mr. Thomas Maloney* for the appellant.

*Mr. George S. Peters,* U. S. Dist. Atty., for the respondent.

ANDERSON, J.:

The defendant and one Chris Larsen were convicted in a justice's court on a complaint charging them jointly with maliciously and willfully maiming and wounding a pig, the property of one John E. Britton. They appealed to the district court, and were again both convicted, and the defendant Olsen has appealed to this court.

The evidence, which is all set out in the record, shows that the defendant and Larsen were driving past the premises of Britton in a wagon, having a gun in the wagon, and when near Britton's house the one not engaged in driving the team picked up the gun and discharged it at the pig, which was running at large, wounding and maiming it; that one of them immediately after the shooting shouted "Skedaddle," and the one who was driving the team drove rapidly away. · Two witnesses for the prosecution testified to seeing the shot fired, but were not able to state whether it was the defendant or Larsen who did the shooting. At the trial in the district court neither of the defendants testified, nor was any evidence offered in their behalf.

Section 4708, Comp. Laws, 1888, · provides that "every person who maliciously kills, maims, or wounds an animal, the property of another, or who maliciously and cruelly beats, tortures, or injures any animal, whether belonging to himself or another, is guilty of a misdemeanor." The prosecution is based on this section, and at the close of the evidence for the prosecution counsel for the defendants moved the court to instruct the jury to return a verdict of not guilty, on the ground that there was no malice proved on the part of either one of the defendants against the owner of the property; the evidence showing that neither of them were acquainted with him. This instruction the court refused to give, but gave the following instruction on the subject of malice towards the owner, to wit: "If a man recklessly and with intent to injure the property of somebody, not knowing or caring who it is, and perhaps not knowing the owner, should kill an animal wantonly, that would be malice towards whomever might own the property; and in a reckless killing of that kind malice towards

the particular owner can be inferred by the jury from
what was done.    So, in this case, you can determine
whether there was malice or not, from all that took place,
from all the testimony in the case.    Consider it all, and
from the whole transaction determine:    Did these de-
fendants, in the first place, shoot and either kill or wound
the animal? and, if so, was it done under such circum-
stances as to show a willful disregard of the rights of the
owner and with malice?"    The refusal of the court to
instruct the jury as asked, and the giving of the fore-
going instruction, are assigned as error by defendant.
There was no error in this action of the court.    The
wanton and malicious injury or destruction of property
belonging to another was an indictable offense at common
law.    *Loomis* v. *Edgerton*, 19 Wend., 419; *People* v.
*Moody*, 5 Parker, Crim. R., 568; *State* v. *Manuel*, 72 N.
C., 201; *Com.* v. *Leach*, 1 Mass., 59; *Com.* v. *Wing*, 9
Pick., 1; *State* v. *Wilson*, 3 Mo., 125; *State* v. *Batchelder*,
5 N. H., 549.    And it has always been held, both at com-
mon law and under the statutes of the various states, that
malice against the owner of the property is an essential
ingredient of the crime of malicious mischief, and must
be alleged and proved to sustain a conviction.    *Northcot*
v. *State*, 43 Ala., 330; *Hobson* v. *State*, 44 Ala., 380;
*Dawson* v. *State*, 52 Ind., 478; *State* v. *Newby*, 64 N. C.,
23; *State* v. *Enslow*, 10 Iowa, 115; *Duncan* v. *State*, 49
Miss., 331.    But it is not necessary, in order to prove
malice within this rule, to show that the defendant ever
said or did anything indicating malice against the owner.
Malice may be inferred, if the injury is unlawful, from the
instrument used, or the wantonness, cruelty, or reckless-
ness of the deed, or from any attendant circumstances
which would justify the inference of malice in other
crimes where malice is an essential constituent.    *Hill* v.
*State*, 43 Ala., 335; *State* v. *Enslow*, 10 Iowa, 116; *Brown*
v. *State*, 26 Ohio St., 176; *Mosely* v. *State*, 28 Ga., 190;
*State* v. *Williamson*, 68 Iowa, 315, 27 N. W. Rep., 259.

Counsel for defendant asked the court to instruct the
jury that, " where it is certain that one of two individuals
committed the offense charged, but it is uncertain whether

the one or the other was the guilty agent, neither of them can be convicted." The court gave the instruction in substance, though not in the exact language requested, but modified it by adding the following: "If one of these parties did this maiming (if any maiming was. done), and they were both present co-operating and participating in that—and this you may determine from all that took place at the time, all that was said and done both just before and just after the transaction—if they co-operated together, then both are guilty; the one that did not shoot the gun would be guilty as the one that did." The defendant assigns the modifying of the instruction as error. The instruction as asked by the defendant is the true rule of law in a case where the two persons who are equally implicated have no necessary connection with each other in reference to the crime committed; but this rule does not apply where it is shown that the two persons were together when the offense was committed by one of them, or had a common purpose for the commission of the deed, and where the guilt of one is consistent with the guilt of the other. In such a case every circumstance that tends to fix the guilt on one, fixes it equally on both. *Kirby* v. *State*, 3 Humph., 289. The instruction, as modified, stated the law as favorably for the appellant as he was entitled to have it, and there was no error in thus modifying it. The proof was positive and uncontradicted that one of the defendants shot the pig as charged, and that immediately after the shot was fired one of them shouted "Skedaddle," and that the one who was driving the team drove hurriedly away. There was no evidence that appellant ever went to the owner of the pig and disclaimed complicity in the shooting, or did anything that an innocent person would ordinarily and naturally do under such circumstances. The defendants did not testify at the trial, as they might have done, if they had chosen to do so. They could, if they desired, have shown who did the shooting, and whether the other encouraged or discouraged the commission of the act, but they chose to take the chances of an acquittal of both by reason of the uncertainty as to who fired the shot. There is nothing in the record show-

ing that either of the defendants claimed to be more innocent than the other. We think, under the evidence, the jury was justified in concluding that the one who did not do the shootihg abetted and encouraged the one who did; that they co-operated together in the commission of the offense and were both equally guilty.

We find no error in the record, and the judgment of the district court is affirmed.

ZANE, C. J., and JUDD, J., concurred.