STATE OF IOWA v. GEORGE PHIPPS AND WILLIAM PHIPPS, Appellants.

**Indictment: Duplicity.** Code, section 3985, provides that "if any person * * * destroy, injure or secrete any goods * * * he shall be punished," etc. *Held*, that an indictment charging that defendants did injure "and" secrete certain property was not bad for duplicity.

**Injuring or Secreting Horse.** Under Code, section 3985, making it a criminal offense to destroy, injure or secrete any goods or chattels of another, an indictment will lie for secreting or injuring a horse, though other sections of the Code prohibit "killing, maiming and disfiguring horses," and "tormenting, beating, mutilating, or overdriving animals."

**Malice.** On a trial, under Code, section 3985, for maliciously secreting and injuring a horse, it need not be shown that defendants knew who the owner of the horse was, if they acted with malice towards whomsoever might prove to be the owner.

*Appeal from Boone District Court.*—Hon. D. R. Hind-
man, Judge.

Monday, October 7, 1895.

Defendants were jointly indicted for the crime of
malicious mischief. They were each convicted of the
offense charged, and appeal to this court.—*Affirmed.*

*Jordon & Brockett* for appellants.

*Milton Remley,* attorney general, and *Jesse A. Miller*
for the state.

Deemer, J.—I. The charging part of the indict-
ment is as follows: "The said William Phipps and
George Phipps, on the twenty-eighth day of February,
A. D. 1892, in the county of Boone and state of Iowa,
did willfully and unlawfully take and ride off one horse
and one mare, the property of Robert Royster, and then
and there did willfully, unlawfully, and maliciously
secrete said horse and mare, and did injure said horse
and mare by riding said horse and mare a long distance
through the mud and snow, and turning them loose
without food or care, all without the permission or con-
sent of said Robert Royster." This indictment
was drawn to cover the offense described in Code,
section 3985, which, so far as material, is as fol-
lows: "If any person * * * wilfully and maliciously
destroy, injure or secrete any goods, chattels or valu-
able papers of another, he shall be punished," etc. It is
insisted that the indictment is bad for duplicity in that
it charges (first) that defendants took and rode off the
property, and did then and there secrete it; (second) that
defendants took and rode off the horse and mare, and
did then and there injure the same by riding them a
long distance through the mud. It will be noticed that

the statute uses the words "destroy, injure or secrete" disjunctively. The rule of the law is well settled that where the words are so used the indictment may cover them conjunctively without being vulnerable to the charge of duplicity. *State v. Cooster,* 10 Iowa, 453; *State v. Myers,* 10 Iowa, 448; *State v. Barrett,* 8 Iowa, 536; *State v. Dean,* 44 Iowa, 648; *State v. Abrahams,* 6 Iowa, 117; *State v. Hockenberry,* 11 Iowa, 269; *State v. Baughman,* 20 Iowa, 497; *Stevens v. Com.,* 6 Metc. (Mass.) 241; *State v. Paul,* 81 Iowa. 597 [47 N. W. Rep. 773]. The objection is without merit.

II. It is further insisted that the indictment charges no indictable offense. The argument proceeds upon the theory that, as the offense of "killing, maiming, and disfiguring horses" is covered by a previous section of the Code, and the crime of "tormenting, beating, depriving of necessary sustenance, mutilating, killing, or overdriving of animals" by another, the legislature did not intend to cover horses by the word "chattel" used in section 3985 before quoted. We do not see any force in this argument. The term chattel is used in its broadest sense, in section 3985, and undoubtedly covers every kind of personal property. There are no words of qualification or limitation used in the statute, and we are not justified in interpolating any.

III. Lastly, it is contended that the verdict is not supported by the evidence, because there is an entire absence of testimony tending to show malice against the owner of the property. That the proof must establish such malice is conceded. A careful reading of the testimony satisfies us that the evidence is sufficient on this point. True it is that the defendants did not, at the time they took the horses, know who the owner was. But they were bent on mischief against whoever might prove to be the owner, and little cared they who he was. It need not appear

that they knew who the owner was in fact, if they acted with malice towards whomsoever might prove to be the owner. We discover no prejudicial error in the record, and the judgment is *affirmed*.