STATE OF IOWA v. F. L. BUTTS, Appellant.

**Adultery:** EVIDENCE.  Where a letter written by a married woman to
her alleged paramour, which contained terms of endearment, was
read by him and the evidence tends to show that he reciprocated
her affection, the letter is properly admitted in evidence to show
the disposition of the parties.

**Instructions.**  An instruction, after stating the different elements of
the crime, and charging that, if the jury find them to have been
established, they should find defendant guilty, and, if they should

fail to so find as to each of such matters, they should acquit, is not erroneous as charging that defendant could not be acquitted unless the jury failed to find that every element was proven.

SAME.   An instruction that the verdict must be based on the evidence, 3   and the law as given by the court, and that extraneous statements should be discarded, was not erroneous, as eliminating any part of counsel's argument.

*Appeal from Fremont District Court.*—HON. N. W. MACY, Judge.

WEDNESDAY, APRIL 5, 1899.

DEFENDANT was found guilty in the district court of the crime of adultery, and from the sentence imposed appeals. —*Affirmed.*

*Hammond & Stevens* for appellant.

*Milton Remley,* Attorney General, and *W. H. Redman* for the State.

DEEMER, J.—The indictment charges the defendant with the crime of adultery with one Laura B. Langston, the wife of F. M. Langston; and the state introduced evidence tending to show that the crime was committed on several occasions. Before the submission of the case, however, the county attorney elected to rely on certain acts said to have taken place on or about the twentieth day of November, 1896. It is now insisted that the verdict finding the defendant guilty is without support in evidence. To this proposition we cannot lend our assent. The adulterous disposition of the parties is clearly shown and the jury was fully justified in finding that defendant and his paramour had sexual intercourse on the day in question. Indeed, there is evidence of admissions of guilt, which, taken in connection with the other facts in evidence, are sufficient to justify the verdict.

II.   Mrs. Langston wrote a letter to the defendant, which he read and handed to a companion to peruse, and this

letter was afterwards found by defendant's wife in her husband's pocket. The letter was filled with terms of endear-ment and expressions of love, and was introduced in evidence over defendant's objection. Had Mrs. Langston spoken these words directly to defendant, in the presence of another, there is no doubt they would have been admissible in evidence. And, in view of the whole record, we are constrained to believe that the written evidence was equally competent and relevant to the issues. The disposition of the parties towards each other was an important consideration, and it could not be more clearly demonstrated than by the production of this correspondence. That defendant reciprocated the woman's affection is clearly shown by his conduct with reference to the letter. There was no error in admitting it in evidence. *Dalton v. Dregge,* 99 Mich. 250 (58 N. W. Rep. 57); *People v. Girdler,* 65 Mich. 68 (31 N. W. Rep. 624), and 2 Greenleaf Evidence, section 55, lend support to our conclusions.

III.   After stating the different elements of the crime, the trial court charged the jury that if they found each and all to have been established, then defendant should be convicted, and further said, "If you fail to so find as to each and all of the foregoing matters, then you should acquit the defendant, and so return your verdict." The part of the instruction in quotation is objected to because it is said that defendant could not be acquitted thereunder unless the jury failed to find all the elements of the crime were not proved. Looking to that part of the instruction criticised in connection with the whole paragraph, and we think there was no error. It was but another method of expressing the thought that defendant was entitled to an acquittal if the state failed to prove any of the essential elements of the offense.

IV.   In another instruction, the court said: "In your jury room, you should not refer to, discuss, or consider any-

thing in connection with this case except the evidence received upon the trial. All extraneous matters, statements, and suggestions should be carefully discarded by you; and you should base your verdict solely upon the evidence, and be guided by these instructions alone. By your verdict the protection which the law wisely throws around the virtue of a woman and the family relation should not be lessened, nor the rights of this defendant disregarded." Sufficient demonstration of the correctness of this paragraph is found in its bare reading. Value of argument was not discredited, nor the effect thereof eliminated, by this charge. Verdicts must be based upon the evidence adduced at the hearing, and the law as given by the court. Counsel's argument is in aid of a correct conclusion based upon evidence, and the court did not by its charge eliminate any part of the argument, unless it was "extraneous suggestions and statements." We discover no error in the record, and the judgment is AFFIRMED.