## STATE, Appellant, v. BERRY, Respondent.

### (177 N. W. 1012.)

(File No. 4684.   Opinion filed May 24, 1920.)

**1.  Criminal Law—Killing Another's Animal—"Unlawfully, Maliciously and Wilfully" Killing, Sufficiency of Complaint.**

A complaint, under Sec. 4323 Rev. Code 1919, providing that every person who maliciously kills, * * * * any animal * * * * the property of another * * * * is guilty of a misdemeanor, and alleges that defendant committed the crime of "killing a dog as follows: that the said * * * * did unlawfully, maliciously, and wilfully, * * * * kill, * * one * * dog, the property of * * * * *, was good against a demurrer.

**2.  Same—Killing Another's Animal—Complaint, Allegation that Defendant Did Not Know Owner, Effect as Favorable Inference, Negativing Malice—Malice Against Owner, Not Animal, Necessary.**

Where complaint under Sec. 4323, Rev. (Code 1919, concerning malicious killing of another's animal, alleges, in addition to the statutory elements, that defendant "did not know to whom the dog belonged;" **held,** that this additional allegation, from which inferences of fact favorable to accused might be drawn, is one for the jury and not for the court on demurrer. **Held,** further, in determining whether said additional allegations negatived the allegation of malice, that the malice necessary to guilt under the information is malice toward the dog's owner, at least against some person, not merely malice against the animal; yet it is not necessary that accused must know the person toward whom he has the malicious motive.

Appeal from Circuit Court, Douglas County.   HON. ROBERT B. TRIPP, Judge.

The defendant, James H. Berry, was informed against for maliciously killing a dog, the property of another. From a judgment sustaining a demurrer to the information, the state appeals. Reversed.

*Robert D. Walker,* State's Attorney, and *Zenas R. Gurley,* Assistant State's Attorney, for Appellant.

*E. P. Wanzer,* for Respondent.

(2) To point two of the opinion, Appellant cited: Sec. 3628, Rev. Code 1919; Territory v. Crozier, 6 Dak. 8; R. C. S. Sec. 109.

Respondent cited: State v. Tarlton, 22 S. D. 495; 118 N. W. 706.

WHITING, J. This appeal is from a judgment on demurrer to a criminal information. Section 4323, Rev. Code 1919, provides that—

"Every person who maliciously kills, * * * any animal * * *, the property of another * * * is guilty of a misdemeanor."

The information before us charged that this respondent—
"did commit the crime of * * * killing a dog as follows: That the said James H. Berry (on the date and at the place named) did unlawfully, maliciously and wilfully * * * kill * * * one * * * dog, the property of one C. C. Atwater. * * * "

[1, 2] This information follows the wording of the statute, and it is clear that it would have been good as against the demurrer if it had contained nothing except as above noted. Stone v. State, 50 Tenn. (3 Heisk.) 457. It, however, contained allegations of certain facts from which inferences of fact favorable to the accused might be drawn. State v. Churchill, 15 Idaho, 645, 98 Pac. 853, 19 L. R. A. (N. S.) 835, 16 Ann. Cas. 947. But inferences of fact are to be drawn by the jury and not by the court. People v. Jones, 241 Ill. 482, 89 N. E. 752, 16 Ann. Cas. 332; People v. Tessmer, 171 Mich. 522, 137 N. W. 214, 41 L. R. A. (N. S.) 433, and notes in 41 L. R. A. (N. S.). The trial court evidently recognized this rule; but there was one allegation from which such court seems to have been of the view that the law would draw an inference negativing the allegation of malice. The information alleged that the accused "did not know to whom the dog belonged." In his order sustaining the demurrer the trial court says:

"It appearing that the information is under the first clause of section 4323, 1919 Rev., and that the penal term therein 'maliciously' means 'a wish to vex, annoy or injure another' as defined by section 3628 of this same Code, and it appearing from the information that defendant at the time of shooting the dog did not know to whom it belonged, and that he could have had no intent to injure the owner or another, and there being no criminal liability under this clause of the statute, the demurrer will have to be sustained; and it is so ordered.

"The above is the prevailing judicial view of such language when used to charge malicious injury to or killing the animal of another, as distinguished from cruelty to animals (not here involved), and covered by the second clause of the section where ownership is immaterial."

And in said order the trial court cites numerous cases in support of his position. Such authorities support the proposition that the malice, necessary to guilt under this information, must be malice toword the owner of the dog, or at least against some person, and not merely malice against the animal killed. But such authorities do not support the proposition that the accused must know the person toward whom he has the malicious motive, and we know of no case where, under a statute such as ours, it is so held. Among the cases cited by the trial court is that of People v. Jones, supra. In the opinion in that case, it is said:

"The malice must be directed against some person, ordinarily the owner of the animal, but it need not be shown that the offender actually knew the owner. It will be sufficient to show that he was bent on mischief against the owner, whomsoever he might happen to be." State v. Leslie, 138 Iowa, 104, 115 N. W. 897, 128 Am. St. Rep. 160; State v. Coleman, 29 Utah, 417, 82 Pac. 465; People v. Olsen, 6 Utah, 284, 22 Pac. 163; State v. Linde, 54 Iowa, 139, 6 N. W. 168; State v. Phipps, 95 Iowa, 491, 64 N. W. 411.

We particularly commend the reasoning in the two Utah cases.

The judgment appealed from is reversed.