STATE, Respondent, v. AUDISS, Appellant
(20 N. W.2d 400.)

(File No. 8715. Opinion filed November 1, 1945.)

**J. F. Frame,** of Burke, and **W. J. Hooper,** of Gregory, for Appellant.

**George T. Mickelson,** Atty. Gen., and **E. D. Barron,** Asst. Atty. Gen., for Respondent.

SICKEL, J.   The state's attorney of Gregory county filed an information in the circuit court charging the defendant with the crime of wilfully and maliciously killing and injuring cattle, the property of John Raschke by shooting them with a twenty-two caliber rifle.   The jury found defendant guilty and the court imposed a sentence of two years' imprisonment in the state penitentiary.   Motion for a new trial was denied and the defendant has appealed.

Appellant assigns as error the insufficiency of the evidence to show that the shooting was wilfully and mali-

ciously done by appellant. In support of this contention appellant claims that the evidence shows that defendant shot the cattle for the purpose of protecting his crops, "not out of a spirit of malice toward the owner or anyone else, but malice toward the cattle."

■ The court instructed the jury as follows:

"Malice, as that term is used in the statute to which your attention has been directed, is defined by SDC 13.0102 as follows: ' "Malice" and "maliciously" import a wish to vex, annoy, or injure another person.' Generally the term 'malice' implies hate, mischief or ill will; action flowing from a wicked or corrupt motive, a depraved inclination to disregard the rights of others."

Appellant did not object nor take exception to this instruction so it is the law of the case as far as the definition of malice is concerned.

In the case of State v. Tarlton, 22 S. D. 495, 118 N. W. 706, 708, this court said:

"While it is true that malice is an essential element of the offense of malicious mischief, the malicious intent may be inferred from the nature of the act and the circumstances of the case."

In the case of State v. Berry, 43 S. D. 85, 177 N. W. 1012, the court considered the question of the sufficiency of an information charging the wilful and malicious killing of a dog where it appeared from the information that the defendant did not know at the time of the shooting to whom the dog belonged. The opinion quotes the rule stated in People v. Jones, 241 Ill. 482, 89 N. E. 752, 754, 16 Ann. Cas. 332, as follows:

"The malice must be directed against some person, ordinarily the owner of the animal, but it need not be shown that the offender actually knew the owner. It will be sufficient to show that he was bent on mischief against the owner, whomsoever he might happen to be."

The court in State v. Berry, supra, cites numerous cases from other states, including Territory v. Olsen, 6 Utah 284, 22 P. 163, 164. In that case the complaint charged

defendants with maliciously and wilfully maiming and wounding a pig. The defendants claimed that the evidence was insufficient to prove malice against the owner with whom the defendants were not acquainted. The court said:

"But it is not necessary, in order to prove malice within this rule, to show that the defendant ever said or did anything indicating malice against the owner. Malice may be inferred, if the injury is unlawful, from the instrument used, or the wantonness, cruelty, or recklessness of the deed, or from any attendant circumstances which would justify the inference of malice in other crimes where malice is an essential constituent."

In the case of State v. Coleman, 29 Utah 417, 82 P. 465, 466, also cited in State v. Berry, supra, the defendant was charged with wilfully and maliciously poisoning a dog that had previously bitten his child, without knowing to whom the dog belonged. It was claimed that under the circumstances the evidence was insufficient to show malice toward the owner. The court said:

"It has been quite generally held that, where the doing of an act is shown to have been unlawful and willful or wanton, malice will be presumed. A mere intent simply to injure the animal, or mere resentment or malice toward it, without malice toward any person, it may be conceded is not sufficient. But, although the owner may be unknown to the offender, if the act was done maliciously or under circumstances evincing a depraved mind and one prompt and disposed to the commission of mischief, or done willfully and unlawfully, or with that wanton and reckless disregard of all consequences and of the rights of others, and with an intent to wrongfully injure or destroy the property of another, regardless as to whom may be the owner or possessor, the commission of the offense is complete. When it is so done, it necessarily follows that the offender intended to inflict an unnecessary and inexcusable injury upon, and a consequent wrong against, the owner or possessor; and malice towards him may therefore be presumed."

The question of the sufficiency of the evidence is to be determined according to the statute as interpreted in the above decisions.

The evidence shows that defendant signed a voluntary confession in which he stated:

"John Raschke another farmer in this county lives close to my place, having purchased this farm about six years ago. During all the years that he has lived a neighbor to me I have had trouble with his stock running in my fields. This year was the same trouble and to take up his stock did not have the desired effect of getting the trouble ironed out. However between noon and 1:00 o'clock on Sunday, September 12th, 1943 I went out into the field to drill, my son Cecil having remained at the house at the time. I had made a couple of rounds when I went back to the house and got my son who I wanted to do the drilling for me. We were in the car at the time and in the back seat of the car I had the .22 rifle which belonged to my son. Cecil took the drill and started making the rounds and I stayed in the other field where the Raschke cattle were. I was pretty mad so taking the .22 rifle out of the car went over to where the cattle were and started shooting them. I thought that there must have been at least 18 head in the field at the time although he had between 25 and 30 head on his place. I do not know just how many cattle I shot, at the time believing that it was about four head. These I shot through the stomach. As soon as I started shooting the cattle started to run, which was the reason that I did not shoot more of them. After this I returned to the house and spent the rest of the afternoon working about the yard. That evening when Cecil returned from drilling I told him what I had done. The gun I at first hid in the manger but that night took it out of the manger and hid it in the manger of the east cattle shed."
(Typographical errors corrected.)

The evidence shows that the defendant knew at the time that the cattle belonged to Raschke; that he made no effort to drive the cattle off his land, or to take possession of them, or to notify the owner of the trespass before going back to the house and getting the rifle and cartridges with which he shot them. According to the sheriff, defendant told him that he stepped out of the car and shot the cattle as they ran by; that the reason he didn't shoot more of them

was because they ran away. Defendant shot eight of the cattle, some more than once, and four of them died. There is evidence to show that defendant killed those four cattle by intentionally shooting them through the stomach, the spot where a twenty-two caliber rifle was most likely to produce death. By defendant's own admission the shots were fired in anger. This evidence was sufficient to justify the jury in believing that the cattle were killed by defendant, not because it was necessary to do so in order to protect his own property after using ordinary care to prevent injury to it, but with a wicked and malicious intent to injure the owner by the destruction of his property. People v. Jones, supra.

■■ At the trial defendant was asked whether he was willing to pay the damages sustained by Raschke as a result of the shooting of the cattle. To this question the state objected and the objection was sustained. Appellant claims that the question was proper as bearing on the issue of malice. An offer to pay the damages sustained from an act of malicious destruction of property is not a defense. 38 C. J., Malicious Mischief, § 15.

Appellant also assigns as error the giving of instruction number 9:

"The Court further charges you that by Chapter 37.24 of the Revised Code of South Dakota remedies are provided for one suffering damage from the trespass of livestock upon his premises or for damages suffered to his growing crops by the trespass of livestock. Any person suffering such damage is given the right to take possession of such offending livestock and detain the same as security for any damages suffered, and is given a lien upon such stock for such damages, and means are provided for the enforcement of such lien."

■ The fact that defendant had a civil remedy to prevent continued destruction of his property and for the recovery of damages resulting from the trespass, and that instead of using such remedy he proceeded to shoot the cattle off the place, were matters which the jury were entitled to consider in deciding the issue of malice.

■ Appellant claims that the court erred in giving instruction number six which reads as follows:

"The evidence is sufficient to warrant a conviction, so far as this branch of the case is concerned, if you find beyond a reasonable doubt, that the defendant acted with malice toward some one, whether known to him, or not, at the time he performed the acts charged against him."

Appellant excepted to that portion of the instruction which states that: "The evidence is sufficient to warrant a conviction, so far as this branch of the case is concerned," on the ground that by giving this instruction the court implied that the evidence is sufficient to convict the defendant.

The instruction states that the evidence is sufficient "if you find beyond a reasonable doubt, that the defendant acted with malice * * *." This instruction does not advise the jury that the evidence is sufficient to prove malice. Rather, the instruction advises the jury that the evidence is sufficient to show malice only if believed by the jury beyond a reasonable doubt. Such an instruction is a statement of the law of the case, and does not invade the province of the jury. State v. Donovan, 28 S. D. 136, 132 N. W. 698, 36 L. R. A., N. S., 167; State v. Sangster, 54 S. D. 391, 223 N. W. 325; State v. Clark, 180 Iowa 477, 163 N. W. 250; State v. Butts, 107 Iowa 653, 78 N. W. 687; State v. Ruddy, 160 Minn. 435, 200 N. W. 631, 3 C. J. S., Animals, § 252.

Appellant cites the case of State v. Ferguson, 48 S. D. 346, 204 N. W. 652, 658. In that case the trial judge, in the presence of the jury, expressed his opinion "in favor of the greater reliability of circumstantial evidence." That decision has no application to the question of whether instruction number six was an invasion of the province of the jury. In instruction number six the judge expressed no opinion on any question of fact, nor upon the credibility of witnesses, nor upon the persuasiveness of the evidence in the case.

■ Appellant also complains that the instruction directs the jury to convict defendant if malice is proved beyond a reasonable doubt regardless of any other issue in

the case. The words of the instruction "so far as this branch of the case is concerned" limit the application of the instruction to the issue of malice as defined and applied in the two preceding sections of the instructions. The instruction applied to no issue in the case except malice. Besides, the evidence shows that defendant shot the cattle intentionally at the time and place alleged in the information; that Raschke owned the cattle; that defendant knew of such ownership at the time of the shooting. These facts are undisputed and are admitted by defendant. Consequently, malice was the only issue to be decided by the jury.

For the reasons stated the judgment is affirmed.

SMITH, P.J., and POLLEY and ROBERTS, JJ., concur.

RUDOLPH, Judge (concurring specially).

I cannot agree with the interpretation of instruction number six by the other members of the Court. It seems to me that this instruction simply advised the jury that if the evidence established beyond a reasonable doubt that defendant acted with malice toward someone, whether known to him or not, that it was sufficient so far as this branch of the case, i. e. malice, is concerned. The apparent purpose of the instruction was to advise the jury that it was not necessary for the jury to find that the defendant acted with malice toward some known person, but that it was sufficient if he acted with malice toward some person, known or unknown.

This instruction was a correct statement of our law. State v. Berry, 43 S. D. 85, 177 N. W. 1012. I concur in the other portions of the opinion as written and the result reached by the majority.