THE STATE OF IOWA, Appellee, v. JOSEPH LESLIE, Appellant.

**Malicious mischief:** MALICE: INSTRUCTION. Malice as applied to the wilful and malicious destruction of property must have some other object than the property destroyed; it must be directed against some person, ordinarily the owner, but it need not be shown that the offender actually knew the owner; it will be sufficient to show that he was bent on mischief against the owner whosoever he might be proven to be.

*Appeal from Pottawattamie District Court.*— HON. O. D. WHEELER, Judge.

TUESDAY, APRIL 7, 1908.

INDICTMENT for willfully and maliciously burning a pile of railroad ties, the property of another. The defendant was convicted, and appeals.— *Reversed.*

*Milton Anderson* and *Turner & Cullison,* for appellant.

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,* Assistant Attorney General, for the State.

WEAVER, J.— I. The first point made in appellant's argument is grounded upon the theory that the indictment fails to allege that the act charged against the defendant was done maliciously. An amended abstract has been filed by the State, showing that counsel has misapprehended the record in this respect, and that the indictment does in fact charge malice, and is therefore not open to the criticism made upon it in the appellant's brief.

II. The point is next made that the court gave to the jury an erroneous instruction as to the definition and nature

of the malice necessary to be proved in order to justify a conviction. The court told the jury that to convict the defendant they must find, among other things, " that such act upon the part of the defendant in setting fire to the pile of ties and burning the same was willful and malicious." In another paragraph the court charged as follows: " (11) If you find from the evidence, however, that the defendant did set fire to and burn said pile of ties, under the rules above given you, and that in so doing he intended to destroy the same, and that he did such act deliberately, without authority from his superior officer or said railway company to do so, and without any justification or excuse therefor, then you will be justified in finding that such act upon his part was willful and malicious." We think the instruction cannot be approved. The definition of the word " malicious," as it is used in criminal law, varies somewhat with the particular offense to which it is applied.   With but few exceptions, most of which grow out of the particular statute being construed, malicious mischief, which is made punishable as a crime, is not mischief or injury done to the property through mere wantonness, or a mere intent to injure the property, but is mischief or injury inflicted with the malicious intent to injure some person, ordinarily the owner of the property. It need not be shown that the offender knew who the owner was; but it will be sufficient if it be established that he was bent on mischief against the owner, whoever he might be proven to be.   But the malice must have some object other than the thing injured.   *State v. Phipps,* 95 Iowa, 491; *State v. Linde,* 54 Iowa, 139; *State v. Williamson,* 68 Iowa, 351; *State v. Lightfoot,* 107 Iowa, 348; *Northcot v. State,* 43 Ala. 330; *Hobson v. State,* 44 Ala. 380; *Duncan v. State,* 49 Miss. 331; *State v. Hill,* 79 N. C. 656; *Goforth v. State,* 8 Humph. (Tenn.) 37; *State v. Wilcox,* 3 Yerg. (Tenn.) 278, (24 Am. Dec. 569); *State v. Newby,* 64 N. C. 23; *Commonwealth v. Williams,* 110 Mass. 401; *Commonwealth v. Walden,* 3 Cush. (Mass.) 558; *United States v. Gideon,* 1 Minn.

292 (Gil. 226); *Stone v. State,* 3 Heisk. (Tenn.) 457; *State v. Johnson,* 7 Wyo. 515 (54 Pac. 502); *State v. Foote,* 71 Conn. 737 (43 Atl. 488); *Dawson v. State,* 52 Ind. 478.

It is not to be denied that, in many cases where malice is a matter of material inquiry, it has been said that a wrongful act, intentionally or wantonly done, without justification or excuse, is malicious within the meaning of the law; and this, we think, is the substantial effect of the charge given by the trial court. Without denying that there are many cases involving malice where such an instruction would be correct, it remains true that by the vastly greater weight of authority in the crime of malicious mischief or injury to property the idea of malice toward the owner or some other person is an essential element of the crime, and that an instruction defining malice in its more general sense is insufficient. Without stopping to quote therefrom, an examination of the cases above cited and of many others referred to therein will demonstrate the correctness of the proposition above stated, and sustain the appellant's contention that the jury should have been instructed accordingly. In *Commonwealth v. Walden, supra,* the trial court defined the word " maliciously " to mean " the willful doing of any act prohibited by law, for which the defendant had no lawful excuse; that moral turpitude of mind was not necessary to be shown." And this was held to be prejudicial error, although the statute of Massachusetts inhibits wanton, as well as malicious, mischief. See, also, *Commonwealth v. Williams, supra.* We would not be understood to hold, as do some of the cases, that the malice toward the owner must be actual or express, and will not be inferred from the act itself. *State v. Robinson,* 20 N. C. 129 (32 Am. Dec. 661); *State v. Newby,* 64 N. C. 23. On the contrary, we think that in this as in most other cases where the mental and moral attitude of the accused at the time of the alleged wrong is an essential element of the offense, it may and ordinarily must be inferred from the nature of the act itself and from the cir-

cumstances which accompany and characterize it. But the inference is not one of law for the court, but of fact for the jury. The defendant may have done the act under the very conditions enumerated in the instructions; that is, he may have fired the pile of ties intending to destroy the same, the act may have been deliberate and without authority from his superior officer or from the railway company, and such act might be without justification or excuse, and still not have been with malice, express or implied, against the owner or any other living person. If so, he was not guilty as charged.

The exception to the instructions as given must be sustained, and a new trial ordered, for which purpose the cause will be remanded.

The judgment appealed from is *reversed.*