JESSIE J. KOONZ ET AL. v. LAFAYETTE HEMPY, Appellant.

**Wills:** LIFE ESTATE: REMAINDER: ACTION FOR DAMAGES: PARTIES.
1  A devise of all of testator's property to his wife so long as she
   remains single but in case she remarries the entire estate to be
   sold, she to have one third and a certain son a specific sum,
   the balance of the estate to be divided equally between his other
   children, creates in the widow simply a life estate; and upon
   her death, unmarried, the son to whom a bequest was made in
   case she remarried would take no interest in the estate, and
   would therefore not be a necessary party to a suit by the other
   children for an injury to the real estate.

**Real property:** CUTTING OF TIMBER: MEASURE OF DAMAGES. Where
2  timber is of such size as to give it a value independent of the
   soil, the measure of damages for its wrongful removal is the
   value of the timber so removed, rather than the difference in the
   value of the land before and after its removal.

**Same:** TREBLE DAMAGES. To justify an award of treble damages
3  under the statute for the removal of timber from the land of
   another the injury must have been wanton and without prob-
   able cause.

*Appeal from Jones District Court.*—HON. MILO P.
                      SMITH, Judge.

                TUESDAY, MAY 4, 1909.

     SUIT to recover treble damages under section 4306
of the Code.    Judgment for the plaintiff for a part of
the damages claimed.    Both parties appeal.    The defend-
ant will be designated as appellant.—*Affirmed.*

     *Chas. W. Kepler & Son,* for appellant.

     *Randall, Courtney & Harding,* for appellees.

SHERWIN, J.—William Vanderbilt died in 1887 the owner of the land involved in this controversy. He left surviving him his wife, Sarah Vanderbilt, and certain heirs, among whom were the plaintiffs herein. He also left a will, which was duly probated, and which provided for the disposition of his estate, after the payment of his debts and the funeral expenses, as follows:

Second. I give and bequeath to my wife, Sarah Vanderbilt, all of my real estate both real and personal and mixed so long as she lives or remains my widow, but in case my said wife shall marry and ceases to remain my widow, then, in that case I order and direct that all my estate shall be converted into money by my executor hereinafter named and divided as follows: One-third to my said wife; and to my son John Vanderbilt ten dollars in addition to previous advancements made to him by me.
· Third, And the remainder of my estate after all expenses are paid I give and bequeath to my daughters Emma, Ella E., and Jessie and my son Willie G. Vanderbilt, share and share alike.

The widow never remarried and died in 1905. In 1898 she executed an agreement with the defendant, whereby she sold to him all of the timber on a timber lot of about six and one-half acres, which was a part of the estate left by her husband, and authorized him to remove the same at any time within fifteen years unless the land was sooner sold. In pursuance of said contract, the defendant cut and removed some of the timber before the death of Mrs. Vanderbilt, and soon after her death, and after he had been notified not to cut or remove any more thereof, he cut and took away the rest of the timber. This action is to recover damages against him for so doing.

John Vanderbilt, who is named in the will, was a son of the deceased, but did not join in this action, and the appellant urges that there was a nonjoinder of par-

ties plaintiff, and that the action can not be maintained because thereof.    This contention is based

**1. WILLS: life estate: remainder: action for damages: parties.** on the proposition that, as Sarah Vanderbilt did not cease to remain the widow of William Vanderbilt, the will made no disposition of the remainder of his estate, and hence John Vanderbilt took an interest therein ,as one of the heirs of his father.    The position of the appellant can not be sustained.    The will gave to the wife a life estate only.    *Shaw v. Shaw,* 115 Iowa, 193; *In re Proctor's Estate,* 95 Iowa, 172.    And in the third clause of the will the remainder of the estate, after the life estate of the widow had ceased, was devised to the plaintiffs herein.    The provision in the second paragraph of the will, which directed that in case of remarriage the life estate should cease, and the widow be given one-third of the proceeds from a sale of the estate, did not vest in the widow an estate in fee if she did not remarry, nor defeat the disposition of the remainder made in paragraph 3.    There was then no reason for making John Vanderbilt a party plaintiff.

Appellant further says that, if liable at all, he was liable only for the difference in the value of the land before and after he removed the timber therefrom.    It is a

**2. REAL PROPERTY: cutting of timber: measure of damages.** general rule that, where the thing destroyed or removed from real property, although it is a part of the realty, has a value which can be accurately measured and ascertained, without reference to the soil on which it stands, the recovery may be of the value of thing thus destroyed or removed, and not for the difference in the value of the land. *Rowe v. Railway Co.,* 102 Iowa, 286; 3 Sutherland on Damages, 368.    The timber in question was of such size as to give it a value independent of the soil, and the court very properly made its value the rule of damages.    The appellant is certainly in no position to complain of this. He had the timber, and, if he pays its value, he can not

complain. Moreover, in an action under section 4306 the measure of damages is fixed, at least when the thing injured has an independent value that may be ascertained and measured.

Both parties complain of the damages assessed by the trial court, the plaintiff because too little was allowed and because treble damages were refused, and the defendant because the award is too great. The appellant certainly has no just reason to complain, for the evidence fully warrants the amount found. Nor do we think the finding should be disturbed on the plaintiff's appeal. While the evidence would, perhaps, justify a finding of a larger amount as the actual value of the timber removed; the trial judge had the witnesses before him, and he was better able to determine the value of their testimony than we are.

The same observation may be made regarding treble damages. While there is some evidence which indicates wantonness in the removal of the timber after the death of Mrs. Vanderbilt, we are agreed that there is not sufficient to justify the penalty provided in section 4306. The section declares that whoever shall willfully injure, etc., and we have said that to warrant a recovery of treble damages thereunder it must be shown that the injury was wanton and without reasonable excuse. *Werner v. Flies,* 91 Iowa, 146; *Parker v. Parker,* 102 Iowa, 500.

3. SAME: treble damages.

We are satisfied with the judgment of the trial court, and it is in all respects *affirmed.*