JAMES H. JAMISON, Receiver of First National Bank of
Chariton, Iowa, Appellant, v. S. L. AUXIER and NORA
M. AUXIER, Appellees.

Evidence: TRANSACTIONS WITH A DECEDENT. In a suit on a note and
to foreclose a mortgage by the receiver of a bank, the maker
under a plea of payment may testify concerning payment claimed
to have been made to the cashier of the bank notwithstanding
his death.

Documentary evidence: ADMISSIBILITY. Where a receipt for the
payment of money, as in this case, was sufficiently identified as
having been written by the cashier of the bank to authorize its
admission in evidence, it was properly admitted although there
were apparent alterations; as the same was subject to such ex-
planation as might be offered touching the apparent alterations.

Payment: BURDEN OF PROOF. One who pleads payment of a note has
the burden of proving it, and in this case plaintiff is held to
have sustained the burden.

*Appeal from Lucas District Court.*—HON. FRANK W.
EICHELBERGER, Judge.

WEDNESDAY, FEBRUARY 9, 1910.

ACTION at law upon a promissory note, and to fore-
close a real and chattel mortgage given by defendants to
the First National Bank of Chariton, Iowa. Defendants
pleaded payment of the note to one Crocker, the cashier of
said bank. Plaintiff denied the payment, and also pleaded
an estoppel upon defendants from insisting thereon. The
case was tried to the court, resulting in a decree dismissing
plaintiff's petition. Plaintiff appeals.—*Affirmed.*

*O. A. & L. B. Bartholomew,* for appellant.

*Stuart, Stuart & Stuart,* for appellees.

DEEMER, C. J.—Aside from two questions relating to the competency of certain testimony offered by the defendants, the case presents nothing but an issue of fact, and that simple issue arises by reason of the defense of payment.

Defendant S. L. Auxier claims to have paid the note to one F. R. Crocker, who at that time was cashier of the First National Bank of Chariton, to which bank the notes and mortgages in suit were executed. He, was introduced as a witness, and permitted to testify, over plaintiff's objections, to the payment, and to all the facts and circumstances accompanying the same. At the time of trial Crocker was deceased, and plaintiff is the receiver of the bank of which Crocker was cashier. It is claimed that the testimony of defendant was incompetent under section 4604 of the Code. Defendants also produced a receipt, purporting to have been signed by Crocker, for $1,859.76 in satisfaction of the note in suit. It is said that this should not have been received in evidence, for the reason that it bore upon its face evidence of having been changed, altered, and tampered with, and was not in the handwriting of Crocker. These two rulings on the admission of testimony are the only ones presented in argument. We are satisfied that both rulings were correct. Plaintiff is not the assignee or receiver of Crocker. True, he is, of the bank of which Crocker was a stockholder, director, and cashier; but the statute does not apply to such a situation. In what he did with defendant Auxier he was acting merely as the agent of the bank, and the statute does not apply to transactions with a deceased agent. *Johnson v. Johnson,* 52 Iowa, 590; *Reynolds v. Ins. Co.,* 80 Iowa, 563; *Bellows v. Litchfield,* 83 Iowa, 44. These cases so clearly rule the matter now under consideration that we need not say more upon the first proposition.

<div style="margin-left:2em">

1. EVIDENCE: transactions with a decedent.

</div>

The receipt, which reads as follows: "Chariton, Iowa, August 5, 1907. Received of S. L. Auxier $1,859.76; note $1,722.00 and interest thereon, dated August 7, 1906. Said note to be canceled and sent. [Signed.] F. R. Crocker, Cas."—was sufficiently identified as being written by Crocker to justify its admission in evidence. The weight of such evidence, in view of its claimed alterations, was for the court trying the issue of fact. Under our rule, notwithstanding the apparent alterations, it was admissible in evidence, subject to such explanations as might be made regarding its appearance. We are satisfied that it is in the handwiting of Crocker, and was properly received in evidence.

*2. DOCUMENTARY EVIDENCE: admissibility.*

The only other question in the case is this: Does the testimony offered by defendants show payment of the note? This is purely a fact question; the burden of proof being upon the defendants. We have read the record with care, and are satisfied with the conclusion reached by the trial court that the note has been fully paid. We need not set forth the testimony upon which we base this conclusion, as it would be without profit to any one.

*3. PAYMENT: burden of proof.*

There is no showing of any estoppel in the case. Defendants have done or omitted nothing which caused plaintiff to change his position, or to go to any expense which he would not otherwise have incurred, save, perhaps, to bring suit on the note. The bringing of suit is not a fact, however, upon which to predicate a plea of estoppel.

We may conclude by saying that the note has been paid, or else defendants are not only willful perjurers, but also guilty of forgery as well. There is nothing in the record to justify this imputation. We are satisfied with the decree of the court below, and it is *affirmed.*