STATE OF IOWA, Appellee, v. MAJOR WALTZ, Appellant.

**Malicious mischief:** EVIDENCE: MALICE. On a prosecution for malicious 1 injury to any building or fixtures attached thereto, the property of another, it may be shown that at the time defendant did the things complained of he used abusive and profane language, as bearing upon the question of malice; and as so limited by the court in this instance the evidence was properly received.

**Same:** EVIDENCE: FLIGHT. Where defendant, in a prosecution for 2 malicious injury committed while intoxicated, was first convicted of drunkenness and ordered to work out his fine, but fled and was subsequently arrested on the graver charge, evidence of his flight was properly received; it being for the jury to determine whether he fled to escape his sentence for drunkenness, or through fear of prosecution for the graver offense.

**Same:** MALICE TOWARD OWNER OF PROPERTY. Malice toward the owner
3 of property maliciously injured must be established, but it is not
necessary that defendant should have known at the time of doing the
act who the owner was. If at the time of doing the act he was bent
on mischief, prompted by an evil mind to maliciously destroy or
injure the property without regard to its ownership, that is sufficient
malice toward the owner to meet the requirements of the law.

**Same:** EXCESSIVE SENTENCE. A sentence to the state reformatory of
4 one who, in an intoxicated condition, entered a building, used abu-
sive and profane language, tore loose a machine fastened to the floor
by screws and broke and tore down an electric fixture, was excessive,
and is reduced to six months in the county jail with credit for time
already served.

*Appeal from Story District Court.*—HON C. G. LEE, Judge.
*Affirmed.*

WEDNESDAY, JANUARY 15, 1913.

*J. F. Martin*, for appellant.

*George Cosson*, Attorney-General, for the State.

GAYNOR, J.—It appears from the record in this case
that on the 10th day of January, 1912, the grand jury re-
turned the following indictment against the defendant: ''The
grand jury of county of Story and state of Iowa accuse
Major Waltz of the crime of maliciously injuring a building
and fixtures, committed as follows: The said Major Waltz
on December 17, 1911, in Story county, Iowa, did maliciously
and willfully injure and deface a certain building and fix-
tures attached thereto in city of Nevada, in said county, the
depot of C. N. W. Ry. Co., by then and there willfully, forc-
ibly, unlawfully, and maliciously breaking and tearing up a
certain gum machine attached to the floor of said building,
and by then and there willfully, unlawfully, and maliciously
breaking and tearing down a certain light fixture attached to
said building, contrary to a statute made and provided,'' etc.

To this indictment the defendant entered a plea of not guilty, and upon the issue thus tendered the defendant was tried to a jury and found guilty as charged, and sentenced by the court to five years in the reformatory at Anamosa, Iowa.

The statute under which the defendant was indicted is 4822 of the Code of 1897, as amended by chapter 161 of the Acts of the 31st General Assembly, which reads as follows: "If any person maliciously injure, deface, or destroy any building, or fixtures attached thereto, the property of another, he shall be imprisoned in the penitentiary not more than five years or in the county jail not more than one year or be fined not exceeding $500.00." The evidence in this case establishes beyond question and beyond all reasonable doubt that the defendant did the things charged in the indictment to have been done by him, and the verdict of the jury is amply sustained by the evidence submitted in the case. It appears from the undisputed evidence and beyond any reasonable doubt that on or about the time stated in the indictment, defendant entered the depot of the Chicago & Northwestern Railway Company at Nevada, Iowa, in an intoxicated condition; that he used abusive and profane language, and sought personal encounter with others in the depot at the time; that he tore from the floor of the depot building a certain gum machine, attached by means of screws, and tore a certain light globe from its fastenings and cast it from him.

Defendant complains of the action of the court in admitting, over his objection, the evidence tending to show that he used abusive and profane language, on the theory that it did not in the least tend to connect the defendant with the acts charged as constituting the crime for which he was indicted. One of the essential elements of the crime charged is malice, and this evidence was admitted by the court simply for the purpose of showing the mental condition of the defendant at the time it is charged that he did the things complained of,

1. MALICIOUS mischief: evidence: malice.

and was by the court limited to that purpose; the court in the ninth instruction saying: "This evidence is not allowed for the purpose of showing the defendant guilty of the crime but for the purpose of showing defendant's mental condition at the time." With this limitation upon the evidence, and for this purpose, the evidence was properly admitted.

It appears, also, from the evidence that subsequent to the 17th day of December, 1911, or immediately thereafter, defendant was arrested for being found in a state of intoxication, and fined $100, and ordered to work upon the streets of the city; that while so engaged in working upon the streets, and when alone, he left and went to his home at Iowa Falls, where his parents live, and stayed there until he was indicted and arrested later for the crime charged in this case. The evidence tending to show this, however, was objected to, and complaint is now made of the admission of this evidence; it being contended that there is no evidence tending to show that he fled from fear of prosecution for the crime charged in this indictment, and it is assumed in argument that he left simply because he wished to avoid the penalty for drunkenness. That the defendant fled, and went to another part of the state, within a short time after the commission of the act complained of here, is not disputed. Why he left, whether through fear of prosecution for this higher offense, or to escape from serving out his sentence for drunkenness, was a question for the jury, and no error was committed by the court in the admission of this evidence and the court, under its eighth instruction, properly left the question to the jury for its determination.

2. SAME: evidence: flight.

It is again argued by appellant that the act must be shown to be willful and malicious as to the party whose property is alleged to have been injured. If he were bent on mischief, and willfully and maliciously destroyed the property, it is wholly immaterial as to whether he knew who the owner was

3. SAME: malice toward owner of property.

at the time of the commission of the act. While malice toward the owner must be established, it is not necessary that the defendant should have known, at the time of doing the act, who the owner was. For if, at the time of the commission of the act, he was bent on mischief, and maliciously destroyed the property, recklessly, without regard to the ownership thereof, prompted by an evil mind to destroy or injure, this will be sufficient malice to meet the law, requiring malice toward the owner.

As to whether the intoxication of defendant at the time was such as to render him incapable of understanding or appreciating his act and its consequences, or such as to make him incapable of entertaining malice, is a question for the jury under all the evidence, and was fairly and correctly left to the jury.

We find no error in the record, except that we are unani-
4. SAME: exces-   mously agreed that the sentence to the refor-
sive sentence.    matory at Anamosa is excessive, and there-
fore order that the same be reduced to six months in the county jail of Story county, Iowa, and that he be credited thereon for all time actually served in fulfillment of the sentence, if any.

Thus modified, the case is *Affirmed.*