STATE OF IOWA, Appellee, v. JAKE SHAFFER, Appellant.

**MALICIOUS MISCHIEF:** Elements—Malice. One who wantonly destroys property furnishes ample evidence of malice, and it is quite immaterial that he does not know who is the owner of the property.

Headnote 1: 38 C. J. pp. 357, 360, 375.

Headnote 1: 19 L. R. A. (N. S.) 273; 18 R. C. L. 2.

*Appeal from Marshall District Court.*—B. F. CUMMINGS, Judge.

DECEMBER 14, 1926.

The grand jury of Marshall County, Iowa, on the 21st day of July, 1924, returned an indictment against Jake Shaffer for the crime of malicious injury to a building, fixtures, and chattels belonging to one Fred Peter, in the town of St. Anthony, Mar-

shall County. Upon a plea of not guilty, the cause was tried to a jury, the trial resulting in a verdict of guilty, as charged. The defendant was sentenced to an indeterminate sentence to the state penitentiary at Anamosa for a period not exceeding five years, and from the judgment entered he appeals.—*Affirmed*.

*F. E. Northup*, for appellant.

*Ben J. Gibson*, Attorney-general, *Neill Garrett*, Assistant Attorney - general, and *Roy L. Pell*, County Attorney, for appellee.

DE GRAFF, C. J.—The instant indictment is based on Section 13080, Code of 1924. In conformity to the statute, the trial court instructed that the State had the burden to establish, beyond a reasonable doubt, the material allegations of the indictment, to wit:

"First. That the defendant tore down and destroyed, broke or injured the goods and chattels of one Fred Peter, or injured and destroyed some part of the building belonging to the said Peter.

"Second. That such acts were done willfully and maliciously; that is with the intention to destroy and injure, and not done accidentally.

"Third. That such acts were committed by the defendant within the county of Marshall and state of Iowa, within three years prior to the finding of this indictment, July 21, 1924."

The appellant does not challenge the correctness of this instruction, nor does he predicate error on any ruling by the court in the admission of testimony offered in support of said allegations, but does contend that, upon the whole record, there is no proof establishing the guilt of the defendant, for the reasons, first, that the statute applicable to the offense does not comprehend that it shall cover acts occurring otherwise than with a malicious and willful intent to destroy and injure the goods and chattels of another, and "there is not, on the whole record of this case, such a condition of affairs shown;" second, that there is no testimony connecting the appellant with the destruction of the property.

Does the evidence sustain the verdict? No other question is

presented. If, at the time of doing the acts charged, the defendant was bent on mischief against some person, ordinarily the owner of the property, and was prompted by an evil mind to maliciously destroy or injure the property, then malice is shown, and it is immaterial whether or not he knew who was the owner of the property. *State v. Waltz*, 158 Iowa 191; *State v. Leslie*, 138 Iowa 104.

What are the facts? Fred Peter resided in St. Anthony, Iowa, and conducted a lunch counter and soft-drink parlor. In the building, which he owned, he had, among other things, a lunch counter, glass show cases, a cigar case, a peanut roaster, two ice boxes, a heating stove, tables, chairs, and the ordinary equipment with which he could serve his patrons.

On the evening of June 25, 1924, he closed his place of business about 10 o'clock, and went upstairs to his room. A Mr. Kerns, an employee of Mr. Peter's, was living with him. About 2 o'clock A. M. the defendant, Shaffer, appeared on the scene. Shaffer and his companion, George Ford, came to the back door, rapped, and notified Peter that they desired something to eat. Peter came down, opened the front door, and turned on the lights. At that time, only Ford was in the room. Shaffer came in a little later, and Kerns also came downstairs. Some canned goods were opened, and a young woman, who accompanied Shaffer and Ford, prepared some sandwiches. A little later, Kerns asked Ford who was going to pay the bill, whereupon Shaffer said: "Who is going to pay for the whisky?" It appears that Ford had some liquor in his possession, and that both Peter and Kerns had taken a drink thereof. When Ford was asked who would pay the bill, Shaffer "swiped off the dishes and glasses, whereupon Mr. Kerns started to walk out, and Shaffer hit him behind the ear, and they wrestled a little on the floor." Ford also joined in the altercation, and hit Peter four or five times. After that, Ford and Shaffer walked toward the door.

"They started to tip over everything. Both of them got hold of the cook stove. They tore the oven off, and tipped over the rest of the stove. Shaffer helped turn over the two stoves and the beer fountain. George Ford took the top of the counter and threw it on the floor. He took both of the ice boxes and tipped them over, with everything in them. They both took hold of the heating stove and tipped it over, and they tipped over the

peanut machine, and they tipped over the beer fountain, and a 16-gallon keg of near beer rolled out, and the contents ran on the floor. The counter was not broken much, but the ice boxes had the hinges broken. The show case on the south side had one of the 4-foot glasses broken, and the glass in the front door was broken when they went out. The chairs and stools were broken by the top of the counter, I think. The last thing they did was to tip over the cook stove, and the coffee pot under the stove was mashed, and some frying pans were broken up.''

The foregoing is a sufficient statement to indicate that a jury question was presented. The evidence is amply sufficient to show the inclination of defendant and his intent to do mischief. His acts were without just cause or excuse, and were done with wanton disregard to the rights of others. The altercation and the assaults that were committed were independent and distinct from the act charged in the indictment.

It is suggested by the appellant, in argument, that the wrongful conduct could have been punished by an arrest for disturbing the peace, by prosecution for assault and battery, or for intoxication, if he was in fact intoxicated. This may be true, but it is not an answer to the charge made in the indictment. The penalty imposed may appear severe, but we cannot say, under the record facts, that the evidence is not sufficient to sustain the verdict returned. The statute prescribes the penalty, and it is not for this court, under the circumstances, to reverse the judgment on the grounds urged by the appellant.

The judgment entered is—*Affirmed.*

STEVENS, FAVILLE, and VERMILION, JJ., concur.