THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* TOMÁS HERNÁNDEZ, Defendant and Appellant.

No. 9807.   Argued February 25, 1943.—Decided March 17, 1943.

*Samuel R. Quiñones* for appellant.  *R. A. Gómez, Prosecuting Attorney (Fiscal)*, and *Luis Negrón Fernández, Assistant Prosecuting Attorney*, for appellee.

Mr. Justice Snyder delivered the opinion of the court.

The defendant was convicted of malicious mischief because "illegally, willingly and maliciously, and with the criminal intention of damaging or destroying the property of another" he wounded with a machete two cows and a calf belonging to Pedro Juan Gerardino.  He has appealed from the judgment of the district court sentencing him to four months in jail.

He first contends that the district court was without jurisdiction because the "information" was not signed by the district attorney and was not based on the testimony of witnesses examined by the district attorney, as required by law.  But the record shows that this case originated, not in the district court, but in the municipal court, where the complaint was properly filed by a policeman.  Since the case was presumably being heard by the district court on appeal

from the municipal court, the requisites for the institution in the district court of a criminal case did not obtain in this case. Moreover, the defendant herein pleaded not guilty in the district court and went to trial without raising this question. Consequently, even if such a defect had existed, this conduct on the part of the defendant was a waiver thereof. *People* v. *Figueroa*, 34 P.R.R. 127.

The defendant also contends that neither malice in general, nor malice directed specifically toward Gerardino, the owner of the animals, was established herein. We recently reaffirmed, in an opinion by Mr. Chief Justice del Toro, the necessity of alleging and proving malice in the crime under discussion. *People* v. *Galeno,* 61 P.R.R. 394, decided February 16, 1943. But it should be noted that such malice "may be inferred from declarations, from prior acts, and even from the peculiar malignity of the act" (2 Wharton's Criminal Law 1639, §1323 (12 ed. 1932)). And although "There must be malice to the owner or possessor . . . [it is not fatal that] . . . such owner or possessor is personally unknown to the wrongdoer" (2 Wharton, *supra,* at p. 1635, §1322; matter in brackets ours). This same idea was spelled out in *State* v. *Waltz,* 139 N. W. 458 (Iowa, 1913), at pp. 459, 60:

"It is again argued by appellant that the act must be shown to be willful and malicious as to the party whose property is alleged to have been injured. If he were bent on mischief, and willfully and maliciously destroyed the property, it is wholly immaterial as to whether he knew who the owner was at the time of the commission of the act. While malice toward the owner must be established, it is not necessary that the defendant should have known at the time of doing the act who the owner was. For if, at the time of the commission of the act, he was bent on mischief, and maliciously destroyed the property, recklessly, without regard to the ownership thereof, prompted by an evil mind to destroy or injure, this will be sufficient malice to meet the law, requiring malice toward the owner."

568

To the same effect, *Commonwealth* v. *Hosman,* 154 N. E. 76 (Mass., 1926).

All the cases, including our own, warn that the courts must be alert to prevent the use of the machinery of the criminal law, by prosecution for malicious mischief, as a backhand method of enforcing alleged civil responsibility. The approach to this question was set forth years ago by this court in *People* v. *Valdés,* 23 P.R.R. 662, at p. 667; "Whatever the kind or degree of malice required to constitute the crime, the existence thereof may be negatived always by proper proof of other motives and 'The motive with which one kills or injures a trespassing animal is the test of the criminality of the act.'' 1 Wharton, Criminal Law, p. 205, §159; . . . ''.

Turning to the facts of the instant case, we have no doubt that the motive of the defendant to injure the animals involved herein was sufficiently shown to justify conviction of malicious mischief. The testimony was that the defendant and Gerardino, who owned the animals, were adjoining neighbors; that Gerardino had lent some money to the defendant, who tried to pay this debt by giving Gerardino a pig which was really the latter's property; that this incident produced ill feeling between them; that on another occasion the defendant had tried to assault Gerardino, but was prevented from doing so. The defense relied on an alibi; the lower court chose to believe an eyewitness who testified he saw the defendant "cutting the cattle".

The judgment of the district court will be affirmed.

Mr. Justice De Jesús did not participate herein.