Howard Ritland, guardian of Osa Ritland, aged, plaintiff-appellee and cross-appellant, v. Security State Bank, Radcliffe, Iowa, defendant-appellant.

No. 51418.

(Reported in 131 N.W.2d 464)

22

November 17, 1964.

Lynch, Dallas, Smith & Harman, of Cedar Rapids; for defendant-appellant.

Larson & Larson, of Story City, and Lundy, Butler & Wilson, of Eldora, for plaintiff-appellee and cross-appellant.

LARSON, J.—This is an action brought in two divisions to recover the face amount of two time certificates of deposit issued by the defendant, Security State Bank of Radcliffe, Iowa, on August 13, 1952. Jury being waived, the court found for plaintiff in Division I and for defendant in Division II. Assigned as error is the failure of the trial court to find defendant had proved conclusively that the $9000 obligation had been paid by setoff, and failure to find for it as a matter of law on the $2000 obligation when plaintiff did not deny the written release thereof. Thus, the principal and controlling questions presented by this appeal are whether there is any substantial support for the finding that the $9000 certificate of deposit in Division I "is a present liability of the said bank", and whether there is substantial support for a finding that the $2000 certificate in Division II had been paid on December 2, 1957. Although the trial court made no findings of fact as required by rule 179, Rules of Civil Procedure, it is clear the court's conclusions were reached on that basis. We think the record fairly considered would support but not compel a finding that both of these certificates had been paid.

■ I. It is well settled in this jurisdiction that the finding of a trial judge in jury-waived cases has the effect of a special verdict. Batliner v. Sallee, 254 Iowa 561, 564, 118 N.W.2d 552, and citations. Our function, therefore, is not to weigh the evidence but to decide whether the trial court's finding is supported by substantial evidence. In doing so, we must view the evidence in the light most favorable to the prevailing party below. Ver Steegh v. Flaugh, 251 Iowa 1011, 1022, 103 N.W.2d 718, and citations.

■ This record discloses that Joseph Ritland resided on a farm near Radcliffe, Iowa, from 1952 until his death on June 29, 1962. On August 13, 1952, the defendant-bank issued to him time certificates of deposit payable twelve months from date with

interest at two percent per annum until maturity only, one certificate for $9000 and one for $2000.

After Mr. Ritland's death these certificates were found in his safe-deposit box in the Story County State Bank, of Story City, Iowa. They were duly assigned to decedent's aged mother, Osa Ritland, by the executor of his estate, and this action was commenced on February 25, 1963, by her guardian after due demand for payment had been refused.

All of the transactions between the defendant and Joseph Ritland had been conducted on behalf of the bank by Carroll Drake, its president, who died December 31, 1960. Thus, the bank records constitute substantially all the available evidence of those transactions. These records were introduced by defendant to sustain its claim of payment as permitted under section 622.28, Code of Iowa, 1962. In addition to those exhibits, it appears the bank vice-president, Mr. Thompson, wrote Joseph Ritland about three months after the death of President Drake advising him to bring in the $2000 overdue certificate "so that we can bring our accounts to date." Apparently this was not done, as neither certificate was ever presented to the bank by Joseph Ritland. In fact, it appears Ritland had not visited his safe-deposit box in the Story County State Bank, where they were found, after September 8, 1956. On December 2, 1957, Joseph Ritland executed and delivered to defendant a release and receipt in full for the $2000 certificate which contained the statement "that Certificate of Deposit #6773 of the Security State Bank Radcliffe Iowa has been lost." However, the bank's records did not show it paid.

Under date of December 2, 1957, the bank's records did show an entry in the certificate register indicating payment of the $9000 certificate, and in its Liability Ledger there was an entry on the same date crediting the account of Joseph Ritland with the payment of a note due the bank in the sum of $9000. By its records defendant traced the indebtedness evidenced thereby to the note dated September 12, 1957, payable October 15, 1957, and claims they show conclusively there was in truth and in fact a setoff made on December 2, 1957, involving only the face of each instrument. The "Time Certificate of Deposit Register"

discloses a blurred stamp in the date-paid column of the $9000 certificate appearing to be "Dec. 1957", over which was hand-written in ink "Paid Dec. 2nd 57." There was no entry in the date-paid column of the $2000 certificate, although defendant claims it was also paid December 2, 1957, as evidenced by a duly executed receipt and release.

Other records of the defendant-bank were introduced to show no like sum of $9000 had been received or credited to anyone by the bank on that date, and that such a sum had not been paid out by check, cash or otherwise on that day. On the other hand, the records showed a $9000 reduction of the bank's certificate liability on December 2, 1957. These records then do tend to prove that Ritland's overdue note for $9000 was paid on December 2, 1957, that the bank's certificate of deposit liability was reduced by that sum on the same date, and that it was reduced by payment or credit to Ritland.

Plaintiff argues that these records are not conclusive of the fact that Ritland owed the bank that sum, that he paid his note by an offset or that the bank's liability on his $9000 certificate was in fact released. The note, of course, was not produced. True, there was no showing as to when or by whom the date-paid entry on the $9000 obligation was made in the bank's deposit register, and it does not appear the bank's usual course of business was followed when it failed to require either the surrender of this certificate of deposit for cancellation or a receipt and release of it, the procedure followed in paying the $2000 cer-. tificate on the same date. Apparently both certificates were "lost" in the same deposit box and Ritland made no attempt to locate them there at that time. Did this record *conclusively* prove defendant's affirmative allegation of payment of the $9000, certificate of deposit? We think not. At best it was circumstantial evidence of a setoff.

II. One who pleads and relies upon the affirmative of an issue must carry the burden to prove it. Verdicts are seldom directed in favor of the one upon whom rests the burden of proof. At least, a strong showing is required before this may be done. Barnes v. Gall, 251 Iowa 921, 926, 103 N.W.2d 710; Batliner v. Sallee, supra; 88 C. J. S., Trial, section 257(g), pages

667–669; 53 Am. Jur., Trial, section 390, page 314. Defendant's evidence of payment of the $9000 certificate permissible under section 622.28 was not sufficient to require a directed verdict. See Miller v. Woolsey, 240 Iowa 450, 35 N.W.2d 584.

III.   Section 622.28, Code, 1962, provides:

"Any writing or record, whether in the form of an entry in a book, or otherwise, including electronic means and interpretations thereof, offered as memoranda or records of acts, conditions or events to prove the facts stated therein, shall be admissible as evidence if the judge finds that they were made in the regular course of a business at or about the time of the act, condition or event recorded, and that the sources of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness, and if the judge finds that they are not excludable as evidence because of any rule of admissibility of evidence other than the hearsay rule.

"Evidence of the absence of a memorandum or record from the memoranda or records of a business of an asserted act, event or condition, shall be admissible as evidence to prove the non-occurrence of the act or event, or the nonexistence of the condition, if the judge finds that it was in the regular course of that business to make such memoranda of all such acts, events or conditions at the time thereof or within a reasonable time thereafter, and to preserve them. * * *."

██ ██ The court reserved rulings on some of the records offered herein and we find no later rulings thereon. Obviously, considerable discretion as to the admissibility of such records is left with the trial judge. If it found the records "were made in the regular course of a business at or about the time of the act, condition or event recorded", and their preparation was such as to indicate their trustworthiness, the statute makes them admissible and the weight of such evidence generally is left for the finder of fact. Here the pen entry over the date stamp, without a showing when, why, and by whom it was made, creates doubt as to whether the entry was made in the regular course of business. Even though it was properly admitted as a record made in the usual course of business, it may be entitled to little weight as a trustworthy entry. Nothing compels the finder of fact to

believe such evidence, and the fact that it cannot be rebutted by successful contradiction does not make it conclusive of all the matters disclosed therein. In fact, this evidence is largely circumstantial and, although such issues may be proven by circumstantial evidence, generally it is for the trier of fact to say whether the advanced proposition is reasonably probable, not merely possible, but more probable than any other theory based on such evidence. See rule 344(f)16, Rules of Civil Procedure. The evidence here merely raises that question and it was for the finder of facts to say whether that evidence, strong as it may be, proves the fact of payment.

Under the circumstances here we cannot agree with defendant's contention that there was no possible way for Ritland to discharge his note obligation, if it were found to exist, except by offset. That contention, although persuasive, is not conclusive. The finder of fact could believe or not believe the trustworthiness and reliability of the bank records introduced. There was no explanation as to why the $9000 certificate record was marked paid without a surrender or a "release" of the instrument. There was also no explanation as to why a "release" was taken on the $2000 certificate obligation that same day, and no entry made in the bank's books of its payment. It would, therefore, seem that these records themselves did not compel belief in their reliability.

IV. A certificate of deposit, made payable on its return, confers on the maker the right to demand that the certificate be returned before it pays the same. Thus, a bank acts at its peril in paying a certificate of deposit without its surrender and endorsement or without obtaining a properly executed release and receipt therefor. 10 Am. Jur.2d, Banks, section 464, page 434. These certificates provided that they were payable on the return of the certificate properly endorsed, and since this was not done and no receipt for the $9000 payment appears, that fact must be considered substantial evidence of nonpayment. Taking this record in the light most favorable to the prevailing parties, we conclude factual controversies existed. The court, acting as a jury, resolved Division I against defendant and,

28

since no prejudicial error appears, that judgment of the court must be affirmed.

V. Defendant contends the long delay in presenting these certificates, almost ten years, without a demand for payment by the creditor, together with the other circumstances, is sufficient to raise a presumption of payment which rebuts the presumption of nonpayment on the part of the holder. As bearing thereon, see Finley v. Thorne, 209 Iowa 343, 352–355, 226 N.W. 103. We find no merit in the contention here. Neither presumption is conclusive. Elliott v. Capital City State Bank, 149 Iowa 309, 317, 128 N.W. 369. By allegation and affirmative proof of payment defendant attempted to rebut any presumption of nonpayment raised by plaintiff's possession of the certificates. That then became the bank's assumed burden. See Glenn v. Keedy, 248 Iowa 216, 221, 80 N.W.2d 509.

Plaintiff contends such a plea and proof of payment is inconsistent with a presumptive payment claim. True, the whole purpose of such a presumption is to supply a substitute for actual evidence of payment. 40 Am. Jur., Payment, section 275, pages 891, 892. However, it cannot be said the trial court gave or did not give proper weight to these possible inferences or presumptions. In any event they compel neither result. Mitchell v. Burgher, 216 Iowa 869, 249 N.W. 357.

VI. In his cross-appeal plaintiff contends the court erred in finding the certificate of deposit for $2000 had been paid and released because there was no substantial evidence to support that determination. Thus, while it appears the parties have switched positions on these issues, defendant contends they are different and argues that in the case of the $9000 certificate there was no conflict in the record, while as to the $2000 certificate the decedent's written release importing a consideration is in conflict with a claimed admission of liability by the bank vice-president's letter written to Ritland. The latter, it says, does generate a fact question on payment, but the former does not.

Obviously, as to the $2000 obligation, the written receipt and release is substantial evidence of payment. It was not overcome as a matter of law by the letter written by a bank officer, whose only knowledge of the facts was the bank record.

In light of the court's determination below, we find no need to consider defendant's contention that its judgment for the $2000 plus interest should be affirmed for the reason that it was entitled to judgment on the pleadings pursuant to rule 222, R. C. P.

We find no merit in plaintiff's estoppel contention. In Division II he alleged the execution and delivery of the $2000 certificate. Defendant's answer set up the written release as a defense. Without denying that release, plaintiff simply pleaded defendant was estopped to assert it because of the letter of admission, which plaintiff claims he relied upon when this action was commenced. There was no such change of positions here as would make estoppel applicable. Jamison v. Auxier, 145 Iowa 654, 124 N.W. 606.

Although there may be some basis for defendant's contention that its motion for judgment on the pleadings as to Division II should have been sustained due to a failure of plaintiff to properly plead avoidance of the release, we find no need to give the contention extended consideration. The principal issue is resolved by our determination that there was substantial evidence of payment from which the court, acting as a jury, could and did find the $2000 certificate of deposit had been duly paid and released.

VII. It is our considered conclusion that neither party was entitled to a directed verdict herein, and the judgment of the trial court on both counts must be affirmed.—Affirmed as to both appeals.

All JUSTICES concur except HAYS, J., not sitting.