**STATE of Iowa, Appellee,**

v.

**Allen Lee STANTON, Appellant.**

**No. 55649.**

Supreme Court of Iowa.

Jan. 16, 1974.

Donald F. Starr, and John P. Roehrick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Dennis E. Jontz, Asst. Atty. Gen., and Ray A. Fenton, Co. Atty., for appellee.

Heard before MOORE, C. J., and MASON, REES, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

Defendant, Allen Lee Stanton, has appealed from his conviction and sentence for the crime of malicious mischief in violation of Code section 714.1, which as material here provides if any person maliciously injure, deface or destroy any building or fixture attached thereto he shall be punished as stated therein.

On February 17, 1972 defendant was a prisoner in the Polk County jail. Apparently dissatisfied with the environment and his accommodations defendant forcibly removed bars from his cell bunk which he used to pry open the cell door. This enabled him to enter the cell block. No effort was made to open the cell block door.

When a jailer discovered the cell door damage, estimated at $200, defendant was in his cell. He admitted damaging the door and stated he had intended to escape. The bunk bars were found behind the shower stall.

I. Defendant first asserts the trial court erred in refusing to submit his requested instruction on the issue of malice and inadequately instructing on that issue in instruction 6. It stated:

" 'Maliciously' means with a wicked or unlawful purpose, and includes not only anger or revenge, but also wrongful acts done intentionally without just cause or excuse. If a person or persons at the time of doing an act which results in injury to or destroys a building, was bent on mischief against some person, ordinarily the owner of the property, and was prompted by an evil mind to maliciously destroy or injure property, then malice is shown and it is immaterial

whether or not those doing the act knew who was the owner of the property.

"The word 'willfully', as used herein, means intentionally."

That instruction is the exact wording of instruction number 522.3 of the Iowa Uniform Jury Instructions. The legal principles therein stated are well established. See Larson v. Fireman's Fund Insurance Co., 258 Iowa 348, 352, 139 N.W.2d 174, 176; State v. Shaffer, 202 Iowa 958, 960, 211 N.W. 230, 231; State v. Waltz, 158 Iowa 191, 195, 139 N.W. 458, 459, 460; State v. Leslie, 138 Iowa 104, 105, 115 N. W. 897, 898, and citations.

Defendant's requested instruction was similar in most particulars to the court's instruction 6 except it included: "[I]n order to convict the defendant, the prosecution must prove, that the defendant knew the property in question belonged to the party as charged * * *." It went beyond our holdings and therefore the court did not err in refusing to give defendant's requested instruction. Otherwise the instruction 6 was substantially the same as the requested instruction.

We have repeatedly held, a requested instruction may be properly refused if a point thereby properly raised is substantially given or covered. State v. Orozco, Iowa, 202 N.W.2d 344, 347, and citations.

Defendant's first assigned error is untenable.

II. Defendant's other assigned error is that the evidence was at variance with the charge against him and therefore he should have had a directed verdict. He argues the evidence only indicates an intent to escape and not malicious injury to property. The latter issue was properly submitted to the jury.

The fact that there was evidence tending to show more than was required by the statute and also an attempt to violate another statute did not invalidate the pros-

ecution of the charge here involved. State v. Brustkern, 170 N.W.2d 389, 392.

It was for the jury to infer and determine defendant's intent or state of mind from the proven circumstances surrounding damage to the jail property. State v. Patman, 189 N.W.2d 620, 622.

We have considered defendant's contentions and find no reversible error. It appears he was afforded a fair trial.

Affirmed.