Patrick W. HURLEY and Carol L. Hurley, Appellants,

v.

Lee YOUDE, Appellee.

No. 92–74.

Court of Appeals of Iowa.

May 25, 1993.

Robert O. Oberbillig, Des Moines, for appellants.

Todd E. Babich, Urbandale, for appellee.

Considered by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SCHLEGEL, Presiding Judge.

The plaintiffs, Hurleys, appeal the district court's judgment for the defendant, Lee Youde, in an action for damages for destruction of a hedge pursuant to Iowa Code section 658.4 (1989). Hurleys contend the court erred in: (1) ruling that Youde acted properly in cutting the hedge, and (2) failing to award treble damages pursuant to section 658.4.

In this suit for damages for the destruction of a hedge that grows upon the lot line between the lot owned by Hurleys and the lot owned by Youde, Hurleys seek treble damages for the value of the hedge, the loss of use and enjoyment of the hedge, and such damages as will fairly compensate Hurleys for the loss of the hedge. Following a trial to the court, Hurleys' petition was dismissed, and they appeal. We affirm.

The plaintiffs and the defendant own adjoining lots fronting on East 12th Street in Des Moines. The court found the hedge row between the two lots had been planted upon the boundary line between the two lots. The hedge had existed in that position for many years. It had become overgrown, and according to the evidence of Youde, had become tangled with dead branches, small trees, and certain waste materials. Youde, in an effort to improve the hedge and to clean it out, cut the hedge down to within six inches of the ground. In doing so, he had sought the advice of others on how to improve the hedge. His action in cutting the hedge back precipitated this claim for treble damages.

■ This is an action at law. The district court's findings of fact are binding upon us if those findings are supported by substantial evidence. Iowa R.App.P. 14(f)(1).

■ Hurleys claim the trial court erred in finding that Youde did the proper thing in pruning the hedge and in finding that Youde did not act willfully. Iowa Code section 658.4 (1989) provides:

> For willfully injuring any timber, tree, or shrub on the land of another, or in the street or highway in front of another's cultivated ground, yard, or city lot, or on the public grounds of any city, or any land held by the state for any purpose whatever, the perpetrator shall pay treble damages at the suit of any person entitled to protect or enjoy the property.

■ To act willfully in the context of that statute means to act wantonly and without reasonable excuse. *Bangert v. Osceola County*, 456 N.W.2d 183 (Iowa 1990); *Laube v. Estate of Thomas*, 376 N.W.2d 108 (Iowa 1985); *Cozad v. Strack*, 254 Iowa 734, 119 N.W.2d 266 (1963); *Koonz v. Hempy*, 142 Iowa 337, 120 N.W. 976 (Iowa 1909). To be entitled to treble damages the plaintiffs must prove the defendant acted intentionally and deliberately without regard to the rights of others. *Bangert*, 456 N.W.2d at 189; *Cozad*, 254 Iowa at 742, 119 N.W.2d at 271.

The trial court's finding that the hedge row was located upon the property line between the lots occupied by the plaintiffs and the defendant is adequately supported in the record. The court further determined the defendant cut the hedge back in order to improve it and found the defendant's pruning or cutting had, in fact, im-

proved the hedge. The court's finding in this respect was also supported by substantial evidence.

On this record, we cannot say the defendant acted willfully; we cannot conclude he acted wantonly, without reasonable excuse. The defendant did not act to destroy the hedge, but acted to improve it. The defendant did not willfully "injure," in the words of the statute, any "shrub on the land of another." These findings by the trial court were supported by substantial evidence.

Accordingly, we affirm the trial court.

**AFFIRMED.**